WILHELMINA M. JOYCE ET AL. *v.* ZONING BOARD OF APPEALS OF THE CITY AND TOWN OF MERIDEN ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued November 6—decided December 18, 1962

*William M. Stremlau,* with whom was *Kenneth R. Larsen,* for the appellants (plaintiffs).

*Charles G. Albom,* for the appellee (defendant Lirot).

PER CURIAM. The zoning ordinance of the city of Meriden authorizes the zoning board of appeals to grant special exceptions permitting professional offices in single-family residential districts when certain requirements are satisfied. Meriden Zoning Ordinance, arts. 3 (B), (C), 11 (A) (7) (1959). The board granted a special exception to the defendant Stephen L. Lirot to permit him to establish his office for the practice of medicine in his residence at 8 Lydale Place, in a single-family R-2 district. The plaintiffs, four resident property owners in the neighborhood, appealed to the Court of Common Pleas, which dismissed the appeal because the plaintiffs failed to sustain their burden of proving that one of them, at least, was aggrieved by the action of the board. The plaintiffs have appealed from the judgment rendered for the defendants.

The named plaintiff resides in a house directly across the street from Dr. Lirot's property. She neither appeared in court to testify nor presented any evidence that she was specially and injuriously affected in her property or other legal rights by the action of the board. See *London* v. *Planning & Zoning Commission,* 149 Conn. 282, 284, 179 A.2d 614; *Tyler* v. *Board of Zoning Appeals,* 145 Conn. 655, 662, 145 A.2d 832. The one plaintiff who actually

testified stated that he was appealing because the decision of the board was contrary to his wishes and because of his fear that a doctor's office would depreciate the value of his property, which was about 350 feet from the doctor's premises. The only other testimony on the question of aggrievement was that of a real estate dealer, who stated that any type of commercial encroachment in a strictly residential neighborhood would have a depreciating effect on the value of the residential properties. In response to a question by the court, the witness characterized a doctor's office as a commercial encroachment. None of this evidence required the court to find that the value of any of the properties owned by the plaintiffs would be specifically lessened or that any other property or legal right of theirs would be specially and injuriously affected. *Tyler* v. *Board of Zoning Appeals,* supra. Mere generalizations and fears are not enough. The court was, properly, not persuaded by the opinion of the real estate man, since it was not based on facts. See *Winnick* v. *Parish,* 142 Conn. 468, 475, 115 A.2d 428. Furthermore, the zoning ordinance contains its own definition of professional offices and includes doctors' offices. Meriden Zoning Ordinance, art. 15 (1959). A doctor's office is not a commercial establishment within the meaning of the ordinance.

There is no error.