THOMAS TUCKER ET AL. *v.* ZONING BOARD OF APPEALS OF THE TOWN OF BLOOMFIELD ET AL.

KING, C. J., MURPHY, ALCORN, COMLEY and HOUSE, Js.

 

Argued March 4—decided April 7, 1964

*Arthur M. Nassau,* with whom was *Jerome E. Caplan,* for the appellants (plaintiffs Sosin).

*Valentine J. Sacco,* with whom was *Robert P. Volpe,* for the appellee (defendant Gerarde); with him also was *Morris J. Cutler,* for the appellee (named defendant).

ALCORN, J. Thomas and Jean Tucker and Samuel and Yetta Sosin appealed to the Court of Common

Pleas from a decision of the defendant zoning board of appeals granting the application of the defendant Rocco V. Gerarde to use certain premises for an automotive service station contingent on the contemplated moving of a library from its present location. The Tuckers withdrew their appeal, and the court dismissed the appeal of the Sosins on the ground that they had failed to show that they were aggrieved. The Sosins have appealed from the judgment.

The town plan and zoning commission in Bloomfield has adopted zoning regulations "under authority of the zoning law of the State." Bloomfield Zoning Regs., art. 1, § 1 (1960). Article 2, § 9 of these regulations includes among the permitted uses in a business B-2 zone the "[s]ale, service, repair and storage of motor vehicles but only when permitted by the Board of Appeals after public hearing, and as limited by Article 4, Section 3." Article 4, § 3 is immaterial to the present issue of aggrievement since it is concerned only with the proximity of public garages and service stations to certain schools, hospitals, churches, theaters, and libraries. Article 2, § 9 further provides: "No permit shall be issued unless the Commission finds that the proposed building  a. Will not aggravate a traffic hazard, fire hazard or panic hazard.  b. Will not tend to depreciate the value of property in the neighborhood or be otherwise detrimental to the neighborhood or its residents, or alter the neighborhood's essential characteristics." Article 5, § 2 provides that "[i]t shall be unlawful to commence construction or alteration of any building or excavation for any building or structure or use until the application and plans therefor shall have been approved by the Building Inspector and a written permit

issued by him." The question whether the words "[n]o permit shall be issued" in article 2, § 9 are intended as a restraint on the action of the board of appeals or on the action of the building inspector or on the action of both is immaterial to the issues on this appeal.

Under the quoted paragraphs of the zoning regulations a service station may be constructed in a B-2 zone provided (1) the zoning and planning commission has found that the service station will not aggravate a traffic, fire or panic hazard or tend to depreciate the value of property in, or be otherwise detrimental to, the neighborhood or its residents, or alter the neighborhood's essential characteristics; (2) the board of appeals, after a public hearing and upon a finding that the location is not within the prohibited distance from the various institutions described in article 4, § 3, has granted permission for the use; and (3) a written permit has been obtained from the building inspector.

Acting specifically under article 2, § 9, Gerarde applied to the board of appeals for permission to use property owned by him in a B-2 zone at the southwest corner of Blue Hills and Maplewood Avenues for a service station. He did not apply to the board of appeals for a certificate of approval of the location for the sale of gasoline under § 14-321 of the General Statutes. The issuance of a certificate under § 14-321 would require a finding by the board of appeals, after a hearing, that the location was "suitable for the sale of gasoline and other products, due consideration being given to the proximity of schools, churches, theatres or playhouses or other places of public gatherings, intersecting streets, traffic conditions, width of highway and effect of public travel, and that such use of such

proposed location will not imperil the safety of the public." General Statutes § 14-322.

In acting on the application which Gerarde actually made, the board of appeals was called on to exercise zoning powers. In passing on an application under § 14-321, the board would not be called on to exercise zoning powers but would be acting as an agent of the state. *Esso Standard Oil Co.* v. *Zoning Board of Appeals,* 148 Conn. 507, 508, 172 A.2d 607. At the hearing before the board, however, the application was treated as a dual one under both the zoning regulations and § 14-321. We have decided to treat the case as the parties have done. *Bonaldo* v. *Board of Zoning Appeals,* 146 Conn. 595, 596, 153 A.2d 429.

At the hearing before the board the Sosins opposed Gerarde's application and, being unsuccessful there, appealed to the Court of Common Pleas. If their appeal were considered as an appeal from the decision on the zoning application, it would be governed by § 8-8 of the General Statutes, and they would be required to establish that they were aggrieved by showing that they had a specific, personal and legal interest in the subject matter of the decision as distinguished from a general interest such as is the concern of all members of the community and that they were specially and injuriously affected in their property or other legal rights. *Tyler* v. *Board of Zoning Appeals,* 145 Conn. 655, 662, 145 A.2d 832. If their appeal were considered to be from the decision of the board acting as an agent of the state under § 14-321, it would be governed by § 14-324 of the General Statutes, and they would be required to establish that they were aggrieved by showing that they had a personal or property interest which would be substantially and adversely affected by a

finding of the board that the location was suitable and that its use for a gasoline station would not imperil the safety of the public. *McDermott* v. *Zoning Board of Appeals,* 150 Conn. 510, 513, 191 A.2d 551. Under either statute the Sosins had the burden of proof. *Whitney Theatre Co.* v. *Zoning Board of Appeals,* 150 Conn. 285, 287, 189 A.2d 396; *McDermott* v. *Zoning Board of Appeals,* supra, 512. The court heard evidence on the issue of aggrievement and determined it adversely to the Sosins. The court made a limited finding on that issue which is not subject to correction.

It appears from the finding that the Gerarde property, which is the subject of the application, is in a B-2 zone at the southwest corner of Blue Hills and Maplewood Avenues in a neighborhood occupied principally by business properties, including shops and stores of various sorts, a firehouse and five gasoline service stations. The Sosins live in a house on Wade Avenue which is owned by Yetta Sosin and is about 1000 feet from the Gerarde property. Wade Avenue intersects Blue Hills Avenue from the east. The Sosins have been attempting to sell their property for two years without success, and residential properties in their vicinity have been depreciating for some five years. Traffic on Blue Hills Avenue is heavy at times, making it difficult for pedestrians to cross. This condition is caused partly by traffic from the South Windsor-Windsor Bridge by way of Mount St. Benedict Avenue, a major connector between Blue Hills Avenue and interstate route 91. During 1961, 15 percent of the reported accidents in Bloomfield occurred on a one-mile stretch of Blue Hills Avenue within which the Gerarde property is located, and seven of them occurred at the intersection of Mount

St. Benedict and Blue Hills Avenues. The Sosins walk for their health on the order of their physician. Samuel Sosin walks past the Gerarde property three or four times a week on his way to a shopping center on Blue Hills Avenue and drives back and forth to work past the corner daily. Under these circumstances, the Sosins claimed to be aggrieved by the board's decision approving a service station on the Gerarde property. Based on these facts, however, the court was correct in concluding that the Sosins had not shown that the decision appealed from had specially or injuriously affected their property, personal or legal rights and that consequently they are not aggrieved persons within the meaning of either § 8-8 or § 14-324 of the General Statutes. Mere generalizations and fears do not establish aggrievement. *Joyce* v. *Zoning Board of Appeals,* 150 Conn. 696, 698, 187 A.2d 239. We observe in passing, however, that, quite aside from the happening of the condition on which the board predicated its decision, the record does not indicate that Gerarde has, as yet, satisfied the zoning and planning commission that the conditions essential to the issuance of a permit under the peculiar language of article 2, § 9 of the zoning regulations have been met.

There is no error.

In this opinion the other judges concurred.