ROBERT PARCESEPE ET AL. *v*. ZONING BOARD OF
APPEALS OF THE TOWN OF GOSHEN ET AL.

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued June 9—decided June 21, 1966

*Valentine J. Sacco,* for the appellants (plaintiffs).

*Robert M. Fitzgerald,* with whom was *Grant J. Nelson,* for the appellees (defendant Colby et al.); with him also, on the brief, was *Charles W. Roraback,* for the appellee (named defendant).

MURPHY, J. On August 4, 1964, the zoning board of appeals of the town of Goshen granted a variance to George Colby, Jr., to use property on Allyn Road, owned by William Siddell, as the site of a permanent plant for screening, washing and crushing sand and gravel. The plaintiffs, husband and wife, appealed to the Court of Common Pleas, which rendered judgment dismissing the appeal for want of jurisdiction, and the plaintiffs thereupon appealed from that judgment.

In the limited finding, as well as in the memorandum of decision, the trial court concluded that it had no jurisdiction because of the failure of the plaintiffs to offer any evidence to show that the value of any of the plaintiffs' property would be specifically lessened or that any other property or legal right of theirs would be specially and injuriously affected and therefore that the plaintiffs did not qualify as aggrieved persons under General Statutes § 8-8. *Tucker* v. *Zoning Board of Appeals,* 151 Conn. 510, 514, 199 A.2d 685; *Joyce* v. *Zoning Board of Appeals,* 150 Conn. 696, 697, 187 A.2d 239; *Whitney Theatre Co.* v. *Zoning Board of Appeals,* 150 Conn. 285, 287, 189 A.2d 396; *Tyler* v. *Board of Zoning Appeals,* 145 Conn. 655, 662, 145 A.2d 832. In the finding, the court, in addition, concluded that lack of jurisdiction also existed because the appeal did not contain a citation for service under § 8-8. Unless the plaintiffs were aggrieved, they had no standing to prosecute the appeal, and the failure to issue a citation is a secondary issue. We do not find it necessary to discuss this feature of the case.

In *Fox* v. *Zoning Board of Appeals,* 146 Conn. 665, 666, 154 A.2d 520, we pointed out that aggrievement must be established in the trial court. It is a question of fact for the trial court to determine. *Josephson* v. *Planning Board,* 151 Conn. 489, 492, 199 A.2d 690; *Luery* v. *Zoning Board,* 150 Conn. 136, 140, 187 A.2d 247. The appendix to the plaintiffs' brief does not contain any evidence on aggrievement which would call for a conclusion contrary to that of the court.

There is no error.

In this opinion the other judges concurred.