R. DALE HUGHES ET AL. *v.* TOWN PLANNING AND
ZONING COMMISSION OF THE TOWN OF
NORTH HAVEN ET AL.
(two cases)

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued May 10—decided May 28, 1968

*John T. Cummiskey, Jr.,* with whom, on the brief, was *David B. Salzman,* for the appellants (plaintiffs).

*Donald F. Keefe,* for the appellee (defendant Albert Swanson, Inc.).

*Lawrence J. Carboni,* for the appellee (named defendant).

ALCORN, J. The appeals in these two cases have been combined on the stipulation of the parties. Practice Book § 606. The defendant Albert Swanson, Inc., applied to the defendant town planning and zoning commission for permission to subdivide a tract of land in North Haven. The commission approved the revised subdivision plan, subject to indicated corrections of graded areas. The plaintiffs took two appeals to the Court of Common Pleas, one by process dated November 30, 1966, and the other by process dated December 28, 1966. The court concluded that the first appeal was premature and dismissed it for lack of jurisdiction. The issues were found for the defendants on the second appeal, and that appeal was dismissed. The present combined appeal is taken from both judgments.

There is no finding, and consequently we resort to the memorandum of decision in order to learn the basis for the court's decision. *Wooster* v. *Wm. C. A.*

*Fischer Plumbing & Heating Co.*, 153 Conn. 700, 701, 220 A.2d 449; *In re Application of Koenig,* 152 Conn. 125, 130, 204 A.2d 33. There we find that the court concluded that the first appeal was premature under § 8-28 of the General Statutes because it preceded the final action of the commission, which occurred on December 19, 1966, the notice of which was published the following day. As to the second appeal, the court concluded that the record before the commission fully supported the reasons which it recited for its action, which, in turn, conformed to the requirements of the applicable regulations.

The substance of both appeals was the same. The court states that both cases were heard on the record of the proceedings before the commission, that no evidence was presented on the issue of the plaintiffs' aggrievement, and that there was nothing in the record and exhibits upon which a finding that the plaintiffs were aggrieved could be predicated. It is stated, instead, that all defendants admitted the plaintiffs' allegations of aggrievement. On this appeal, the defendants take the position that, "the trial court to the contrary notwithstanding, we think that the aggrievement of the plaintiffs, or some of them, was sufficiently shown."

The record discloses that in each appeal the plaintiffs alleged that they were aggrieved by the commission's action. In each appeal, the defendant Albert Swanson, Inc., admitted, but the defendant the town planning and zoning commission denied, that the plaintiffs were aggrieved. Aggrievement was thus made an issue on the pleadings, and it was the plaintiffs' burden not only to allege but also to prove "that they were aggrieved by showing that they had a specific, personal and legal interest in the subject matter of the decision as distinguished from

a general interest such as is the concern of all members of the community and that they were specially and injuriously affected in their property or other legal rights." *Krejpcio* v. *Zoning Board of Appeals,* 152 Conn. 657, 660, 221 A.2d 687; *Tucker* v. *Zoning Board of Appeals,* 151 Conn. 510, 514, 199 A.2d 685.

Unless the plaintiffs could establish that they were aggrieved, they had no standing to appeal. General Statutes § 8-28; *I. R. Stich Associates, Inc.* v. *Town Council,* 155 Conn. 1, 3, 229 A.2d 545. Although the plaintiffs alleged aggrievement in their appeal, they did not set forth the manner in which they claimed to have been aggrieved by the decision of the commission. Allegations and proof of mere generalizations and fears are not enough to establish aggrievement. *Joyce* v. *Zoning Board of Appeals,* 150 Conn. 696, 698, 187 A.2d 239. The allegation, even if proved, merely that the plaintiffs' property lies in close proximity to the area involved in the commission's action would not be enough.[1] *Kyser* v. *Zoning Board of Appeals,* 155 Conn. 236, 242, 230 A.2d 595.

The record of the proceedings before the commission could be of little, if any, help to the court for the reason that, unless aggrievement appears on the face of the record, a circumstance not present in this case, one does not normally become aggrieved until the action complained of has been taken. *Fox* v. *Zoning Board of Appeals,* 146 Conn. 665, 666, 154 A.2d 520. In any case, the question of aggrievement is one of fact to be determined by the court on the appeal. *Luery* v. *Zoning Board,* 150 Conn. 136, 140, 187 A.2d 247.

---

[1] Public Acts 1967, No. 712, concerning appeals by abutting landowners, has no bearing on the present case.

While each judgment, by its terms, dismissed the appeal, the judgment in the second appeal does not make clear whether that dismissal was for lack of jurisdiction, as would have been proper since the court concluded that the plaintiffs' aggrievement had not been established. Proof of aggrievement was an essential prerequisite to the court's jurisdiction of the subject matter of the appeal. The parties could not confer jurisdiction of the subject matter of the appeal by agreeing to that prerequisite. *Reed v. Reincke,* 155 Conn. 591, 598, 236 A.2d 909. Although the circumstance that the court went on to determine other issues would indicate that the judgment did not rest solely on lack of jurisdiction, nevertheless the basis for a dismissal for lack of jurisdiction appears in the memorandum of decision, as already noted. Both parties, in their briefs, assume that the judgment is based, at least in part, on lack of jurisdiction owing to the failure of the plaintiffs to prove aggrievement.

We find nothing in the record to establish that the plaintiffs were aggrieved by the decision appealed from, and we consider that to be the decisive issue. The trial court, having concluded as it did on that issue, should not have concerned itself with the other issues presented.

There is no error.

In this opinion the other judges concurred.