RICHARD C. HALL ET AL. *v.* PLANNING COMMISSION
OF THE TOWN OF LEDYARD ET AL.

COTTER, C. J., BOGDANSKI, PETERS, HEALEY and PARSKEY, Js.

Argued May 13—decision released July 1, 1980

*Frank N. Eppinger,* with whom, on the brief, was
*Peter J. Bartinik,* for the appellants (plaintiffs).

*Thomas B. Wilson,* for the appellee (named
defendant).

*James A. Plessinger,* for the appellee (defendant
Christy Hill Builders, Inc.).

BOGDANSKI, J. The defendant Ledyard planning
commission approved an application for a resub-
division plan filed by the codefendant Christy Hill

Builders. The plaintiffs, owners of nearby property, appealed the decision to the Superior Court. Although the underlying controversy of this litigation involves the adequacy of the drainage from the resubdivision, the trial court did not reach that issue, dismissing the appeal on the ground that the plaintiffs failed to sustain their burden of establishing that they were aggrieved parties.

At the planning commission hearing, the plaintiffs expressed fears that the increased drainage would cause erosion to their properties, deposit much sedimentation on their land, create new watercourses and devalue their properties. The commission decided to have an independent engineering evaluation made of the plan and submitted the plan to the state of Connecticut department of environmental protection. The department, through one of its civil engineers, reviewed the plan and advised the commission that the design of the drainage system was adequate to handle storm water runoff resulting from a storm having a twenty-five year return period. The commission thereafter approved the plan.

While the appeal was pending the engineer discovered that his original report was in error, that the drainage system was inadequate, and so advised the commission by letter. The commission filed a request with the trial court to add this later report to the record. The court denied the request on the ground that its review was limited to the record of the hearing before the planning commission.

Review of an action of a planning agency exists only under statutory authority. General Statutes

§ 8-28[1] permits appeals from a decision of a zoning commission by one aggrieved by the contested decision. Compliance with the provisions of the statute encompasses a twofold test: First, the party claiming aggrievement must demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must establish that this specific, personal and legal interest has been specially and injuriously affected by the decision. *Walls* v. *Planning & Zoning Commission*, 176 Conn. 475, 477–78, 408 A.2d 252 (1979).

"It is not necessary for one who claims to have been aggrieved by the action of a planning or zoning authority to establish his aggrievement before the board conducting the hearing. A person does not become aggrieved until the board has acted. Upon appeal, he must establish his aggrievement, and the court must decide whether he has sustained the burden of proving that fact." *I. R. Stich Associates, Inc.* v. *Town Council*, 155 Conn. 1, 3, 229 A.2d 545 (1967). Consequently, the Superior Court was not limited to the record before the planning commission on the issue of aggrievement.

---

[1] General Statutes § 8-28 provides in relevant part: "Notice of all official actions or decisions, not limited to those relating to the approval or denial of subdivision plans, of a planning commission shall be published in a newspaper having a substantial circulation in the municipality within fifteen days after such action or decision. Except as provided in section 8-30, any person aggrieved by an official action or decision, including a decision to take no action, of a planning commission may appeal therefrom, within fifteen days from the date when notice of such action or decision was so published, to the superior court for the judicial district within which the municipality with such planning commission lies. . . ."

Practice Book, 1978, § 3060D provides, in pertinent part, that the Supreme Court may reverse or modify the decision of the trial court if it determines that the decision is clearly erroneous in view of the evidence and pleadings in the whole record. The record reveals that the plaintiffs introduced substantial evidence of aggrievement, including evidence of actual flooding of their land, testimony by a professional engineer that the drainage system was inadequate and testimony that the plaintiffs' property had decreased in value as a result of the flooding. This evidence, even without the engineer's later report, is sufficient to show that the plaintiffs had a specific, personal and legal interest in the matter at hand which was specially and injuriously affected by the decision. Aggrievement is established if "there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." *O'Leary* v. *McGuinness*, 140 Conn. 80, 83, 98 A.2d 660 (1953).

There is error, the judgment is set aside and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.