[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs, Richard O'Brien and Andrew Repasi, bring this timely appeal from a decision of the Town Plan and Zoning Commission of Fairfield, granting the application of James B. Comstock for a Certificate of Zoning Compliance approving the leasing of a portion of his property located at 158 Kenwood Avenue, Fairfield, to an adjoining land owner for use as office space and the parking of four vehicles, two of which would have the capability of transporting propane gas.
Neither plaintiff owns land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board and are not, nor do they claim to be, statutorily aggrieved.
"Pleading and proof that the plaintiffs are aggrieved within the Meaning of the statute is a prerequisite to the trial courts jurisdiction over the subject matter of the appeal." Munhall v. Inland Wetlands Commission, 221 Conn. 46, 50.
Aggrievement is a question of fact, and the plaintiff has the burden of proving that fact. Olsen v. Inland Wetlands Commission, 6 Conn. App. 715, 718.
Lacking statutory aggrievement the plaintiffs must prove that their aggrievement arises from being "affected directly or in relation to a specific personal and legal interest in the subject matter of the decision as distinguished from a general interest such as in the concern of all members of the community and the appellant[s] must be specially and injuriously affected as to property or other legal rights." Smith v. Planning Zoning Board, 203 Conn. 317, 321; I. R. Stich Associates, Inc. v. Town Council, 155 Conn. 1, 3.
Plaintiffs have failed to demonstrate that they have been specially and injuriously affected as to such rights.
Mere generalizations and fears do not establish aggrievement. Tucker v. Zoning Board of Appeals, 151 Conn. 510: Joyce v. Zoning Board of Appeals, 150 Conn. 696, 698.
The appeal is dismissed.
McKEEVER, JUDGE CT Page 6901