[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS
This is an appeal of a decision of the defendant Hartford Zoning Board of Appeals (ZBA) which revoked a special permit issued to the plaintiff for the use of premises at 36 Woodland Street in Hartford. Defendants Regency Towers Condo Association and Michael McGarry move to dismiss on grounds of mootness and lack of aggrievement.
During 1992, the plaintiff had an option to purchase the property at 36 Woodland Street. In September, the plaintiff obtained a special permit from the city's zoning administrator, who determined that the plaintiff's proposed use of the property would be "other medical and health services" or substantially similar thereto, within the meaning of § 35-852 of the Hartford zoning regulations. Without that classification, the plaintiff would not have been able to conduct its business in that residential zone. Thereafter, defendants Regency Towers Condo Association and Michael McGarry, who own abutting property, appealed the issuance of the permit to the ZBA. On October 20, 1992, the ZBA reversed the decision of the zoning administrator and revoked the plaintiff's permit, holding that the plaintiff's proposed use of the property did not constitute "other medical and health services" or substantially similar thereto. Shortly after the ZBA's decision, the plaintiff's option to purchase the property expired permanently.
The basis of the defendants' motion to dismiss is the undisputed fact that the plaintiff no longer has any legal interest in the property that is the subject of the permit. They argue that there is, therefore, no present controversy before the court and, by implication, that the plaintiff is no longer aggrieved
In Hughes v. Town Planning Zoning Commission, 156 Conn. 505
(1968) and numerous other cases, our courts have held that in order to establish the necessary aggrievement, an appellant must prove that he or she "had a specific, personal and legal interest in the subject matter of the decision as distinguished from a general interest such as is the concern of all members of the community and that (he or she was) CT Page 10430-E specially and injuriously affected in their property or other legal rights. " Id., 507-508, citations omitted. Such aggrievement is a jurisdictional prerequisite to maintaining the appeal. General Statutes § 8-8(b); Bakelaar v. West Haven,193 Conn. 59, 65 (1984). "Aggrievement is established if `there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected.'" Hall v. Planning Commission, 181 Conn. 442, 445
(1980).
In the instant case, the defendant ZBA revoked the plaintiff's special permit as it applied to the use of the property at 36 Woodland Street, and to that extent the ZBA's decision was specific to that property. However, the decision also held that the plaintiff's proposed use of the property, as a "psychiatric rehabilitation center and social clubhouse," did not fall within the permitted uses for that zone. The decision in this respect has an effect which potentially extends beyond the revocation of the permit for the specific property at 36 Woodland Street.
When a zoning board of appeals acts in a quasi judicial capacity, as in this case, it may later reverse its decision only upon a showing of a material change in circumstances. SeeCarlson v. Fisher, 18 Conn. App. 488, 499, n. 7 (1989). If the plaintiff were to apply for a permit for another building in which it acquires a legal interest and which is located in the same zone classification as 36 Woodland Street, the decision of the ZBA in this case would prohibit the issuance of the permit since that decision was based on the ZBA's findings and conclusions concerning the nature of the plaintiff's business, the plaintiff would arguably have to change itsmodus operandi in order to demonstrate a material change in circumstances. There is, therefore, a very real possibility that the plaintiff's legal interest in obtaining a permit in the future has been adversely affected by the ZBA's decision in this case.
For the reasons set forth above and on the basis of the few facts that are before it at this time, the court concludes that the plaintiff continues to be aggrieved by the defendant ZBA's decision and that the issues raised by its appeal are not moot. The defendants' motion to dismiss may not, therefore, be sustained. CT Page 10430-F
At the hearing before this court on the defendants' motion, the plaintiff renewed its motion to dismiss Regency Towers and McGarry as intervening defendants. The court has denied the plaintiff's motion even though these defendants no longer have standing as abutting property owners. The basis of the court's rulings on the plaintiff's motion was that these defendants have a continuing interest in the appeal so long as the plaintiff continues to allege, as a basis of its appeal, that the defendants violated its rights under federal or state civil rights laws. The court's denial of the plaintiff's motion to dismiss the defendants from the appeal was, therefore, without prejudice to the plaintiff's right to renew that motion if and when the plaintiff withdraws those allegations against these defendants and relieves them of liability.
The defendants' motion to dismiss the appeal is denied. The plaintiff's motion is also denied as indicated.
Maloney, J.