[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTIONS TO DISMISS
On December 22, 1993, this court denied a motion to dismiss the appeal filed by defendants Regency Towers Condo Association and Michael McGarry. The court had previously denied a motion filed by the plaintiff to dismiss those defendants as parties to the appeal. In its December 1993, the court affirmed the denial of the plaintiff's motion.
The court first considers the motion of defendants Regency Towers and McGarry to dismiss the appeal on the basis that it is moot. In renewing this motion, the defendants offered proof that the building which was the original subject of the plaintiff's application to the city has been sold. The plaintiff does not dispute this fact. As the court indicated in its previous decision, however, the decision of the defendant board had an effect which potentially extends beyond the revocation of the permit for the specific property. This, factor creates at least the possibility that some legally protected interest of the plaintiff has been adversely affected by the decision, thus resulting in aggrievement. Hall v. Planning Commission, 181 Conn. 442, 445 (1980). For that reason, the defendants' argument cannot be sustained. Their motion to dismiss the appeal is denied.
In its December 22, 1993 decision with respect to the plaintiff's motion to dismiss defendants Regency Towers and McGarry from the appeal, the court stated as follows:
The court has denied the plaintiff's CT Page 3999 motion even though these defendants no longer have standing as abutting property owners. The basis of the court's rulings on the plaintiff's motion was that these defendants have a continuing interest in the appeal so long as the plaintiff continues to allege, as a basis of its appeal, that the defendants violated its rights under federal or state civil rights laws. The court's denial of the plaintiff's motion to dismiss the defendants from the appeal was, therefore, without prejudice to the plaintiff's right to renew that motion if and when the plaintiff withdraws those allegations against these defendants and relieves them of liability.
On March 1, 1994, the plaintiff renewed its motion to dismiss defendants Regency Towers and McGarry from the appeal pursuant to General Statutes 52-108 and Practice Book 100. As the basis for renewing its motion, the plaintiff alleged that it had executed a general release of liability to those defendants, and it attached a copy of the release to its motion. The motion states that counsel for the plaintiff is holding the release in escrow pending the court's decision on its motion. The defendants have objected to the motion. The court has considered their memorandum of law and oral argument in opposition to the motion.
It is undisputed that defendants Regency Towers and McGarry no longer have standing, as parties to the plaintiff's appeal, by reason of their owning abutting property. The court also concludes that the interest that they once may have had in the case, stemming from the plaintiff's allegations of violations of federal and state civil rights laws, has been extinguished by the plaintiff's releasing them of any liability. The defendants' arguments that they may still be vulnerable under civil rights laws to other complainants have no relevance to their status in this case, which is simply an appeal by the named plaintiff alone from an adverse ruling of the named defendant Hartford Zoning Board of Appeals.
Addressing the defendants' apprehensions that the CT Page 4000 plaintiff and the board might reach a settlement of the appeal that could have adverse repercussions for them, the court notes that Regency Towers and McGarry will continue to be protected by General Statutes 8-8(n). That statute provides that no withdrawal or settlement of an appeal shall be effective unless and until it is approved by the court after a hearing. That procedure is designed to protect anyone whose interests might be affected by the settlement, including parties to the appeal and non-parties. See Levine v. Plan Zoning Commission, 25 Conn. App. 199, 203 (1991). In the event the plaintiff and the defendant board propose to settle the dispute and dispose of the appeal, Regency Towers and McGarry may request an opportunity to be heard.
For all of the reasons set forth above as well as in the court's earlier decisions on the issue, the plaintiff's motion to dismiss defendants Regency Towers and McGarry from the appeal is granted. The court's decision is subject to the condition that the plaintiff deliver to the said defendants executed releases in the form attached to its brief on this motion.
MALONEY, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.]
CT Page 4006