[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RULING ON DEFENDANT'S MOTION TO DISMISS
The defendant Costco Wholesale, Inc. moves to dismiss plaintiff's' appeal of the decision of the defendant Waterbury Zoning Board of Appeals granting Costco's application for a special exception and variance to operate a self-service gasoline station at the Costco store located in Waterbury. In its motion to dismiss Costco argues that the plaintiff's CT Page 335 lack standing to maintain this appeal.
The facts and procedural history giving rise to this appeal are largely undisputed. In April, 2000, the defendant Zoning Board of Appeals granted Costco's applications for a special permit and variance for the purpose of operating a gas station at the location of the Costco store on East Main Street in Waterbury. The plaintiff's are engaged in the sale and distribution of gasoline in the City of Waterbury, operating gas stations at unspecified locations.
In their complaint, the plaintiff's do not allege that any of the properties that they operate, lease or own are within 100 feet of the Costco property or within 100 feet of the precise location on the Costco property where the proposed self service station will be located. Rather, the plaintiff's allege that they are aggrieved because "the approval of the Special Exception Application will allow the development of the Applicant's Property as a gasoline station contrary to the Zoning Ordinance of the said City of Waterbury with resulting adverse traffic and pedestrian impacts, environmental impacts, unfair commercial competition, and unfair and ineguitable administration and enforcement of the Ordinance." Based on these allegations Costco seeks to dismiss plaintiff's' appeal, arguing that the plaintiff's lack standing to maintain this action.
The rules governing standing in appeals from decisions of land use agencies are well established. General Statutes § 8-8 requires an appellant to plead and prove aggrievement. Any person owning and that abuts or is within a radius of one hundred feet of the subject property is deemed to be statutorily aggrieved. Because the plaintiff's do not allege that their properties are within one hundred feet of the Costco site, they claim to be classically aggrieved.
"The fundamental test for determining aggrievement encompasses a well-settled twofold determination: first, "[t]he party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision. Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected. Hall v. Planning Commission, 181 Conn. 442, 445, 435 A.2d 973
(1980) (internal quotations and citations omitted)
In this case, plaintiff's' specific claim of classical aggrievement CT Page 336 arises out of its assertion that the decision of the Zoning Board of Appeals will result in unfair or illegal competition by Costco. "It is a principle of common law that [o]ne who causes loss of business or occupation to another merely by engaging in a business or occupation in good faith is not liable to the other for the loss so caused, though he knows that the loss will result." 3 Restatement, Torts § 708 p. 519. "It is only `unfair' competition that is prohibited. 1 F. Harper F. James, Jr., Torts (1956) § 6.13, p. 517. These substantive principles have engendered correlative jurisdictional rules. Although an allegation merely of competition likely to result in lost revenues is ordinarily insufficient to confer standing, this court has frequently assumed jurisdiction as a matter of course over claims of unfair or illegal competition." Connecticut State Medical Society v. Connecticut Board ofExaminers of Podiatry, 203 Conn. 295, 302 (1987)
As previously noted, in order to successfully invoke classical aggrievement as a basis for standing, the plaintiff must successfully demonstrate both that it has a specific, personal and legal interest in the subject matter of the decision and that that specific interest has been specially and injuriously affected by the decision. Id. Plaintiff's in this action have failed to allege or demonstrate that they have a "specific personal and legal interest in the subject matter of the decision, such as is the concern of all members of the community as a whole." Id. Rather, they make only a generalized assertion, invoking the claim of "unfair or illegal competition", that they are aggrieved. Unlike the physician-plaintiff in Connecticut State Medical Society v.Connecticut Board of Examiners of Podiatry, supra, the plaintiff's in this case point to no specific personal legal interest in the zoning dispute. By contrast, in Connecticut State Medical Society, the court specifically found that ". . . physicians such [as the plaintiff] have a legally protected interest in the practice of medicine. . . Cases are legion holding, in one way or another, that the right of a licentiate to practice his profession is a property right, or a right in the nature of a property right, or a valuable franchise or a valuable privilege. Thus, the first prong of the test for determining aggrievement, the existence of a specific personal and legal interest in the subject matter of the decision, has been satisfied with respect to this plaintiff." Id. at 300-301.
Unlike the physician-plaintiff in Connecticut State Medical Society, the plaintiff-gas station operators in this matter do not identify any specific legal interest they have in the zoning dispute. They do not claim that they have any license or other cognizable legal interest that may be adversely affected by Costco's attempt to open a gasoline station. At best, they are general business competitors who may suffer negative economic affects from increased competition. Such adverse consequences, CT Page 337 however, do not demonstrate the necessary personal legal interest necessary to satisfy the first prong of the classical aggrievement test. Cf. Light Rigging Co. v. Department of Public Utility Control,219 Conn. 168 (1991) in which the plaintiff satisfied the first prong of the aggrievement test by demonstrating that their DPUC issued certificates for intrastate operations authorized them to provide the same services as the defendant applicant.
Plaintiff's reliance on the language in Connecticut State MedicalSociety that "this court has frequently assumed jurisdiction as a matter of course over claims of unfair or illegal competition", supra,203 Conn. 603 is misplaced. That observation was made in the context of the court addressing "the principal issue in this appeal, whether Sella's legal interest in the practice of medicine has been specially and injuriously affected. . ." Id. at 301. Having already determined that Dr. Sella has a specific legal interest in the outcome of the administrative hearing, the court was required to determine whether such interest was specially and injuriously affected. In considering this second prong of the aggrievement test the court observed that unfair or illegal competition could specially and injuriously affect Dr. Sella's interest in his licensure as an orthopedic surgeon.
In this case, however, the allegation of unfair competition takes on significance only if the plaintiff's can demonstrate in the first instance that they have a specific personal and legal interest in the outcome of the Zoning Board of Appeals decision. Because the plaintiff's have not satisfied the first prong of the classical aggrievement test, the mere assertion of unfair and illegal competition is not sufficient to confer standing on them. At bottom, plaintiff's claim is no different than a McDonald's complaining about the location of a Burger King or a K-mart contesting the approval of a Wal-Mart. In the absence of a showing of injury to a specific legal interest of the plaintiff's, such claims are simply complaints about economic competition. In the absence of more, such an allegation is insufficient to confer standing.
Accordingly, the defendant's motion to dismiss is granted.
ROBERT L. HOLZBERG