[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO REARGUE
The defendant Leete-Stevens moved to reargue the decision in the above-referenced case. The defendant raised ten claims of error by the court. The motion was granted and argument was heard on March 16, 2001.
With respect to the sixth claim of error, the court agrees with the defendant that it failed to state the basis for its finding of classical aggrievement in its decision.
In deciding the issue of classical aggrievement in the plaintiffs favor, the court took into consideration the evidence presented by the plaintiff, specifically the plaintiffs claim that because her home is in such close proximity to the crematory, she can hear the noise when it is in operation. She is aware of what is going on when she hears the noise and this is extremely distressing to her. She testified that when the crematory is in operation, she cannot open her windows or go outside of her home. Her claim is that because of the location of the crematory, she CT Page 9157 is denied the quiet enjoyment of her home.
A reading of Connecticut General Statutes § 19a-320 and its legislative history demonstrates the intention of the legislature that the operation of crematories should not interfere with a person's quiet enjoyment of her property. The legislature mandated that a cemetery in which a crematory would be placed must have at least twenty acres. If the crematory was not to be placed in a cemetery, location approval was left to the town in which the application was made. The statute further provides for a public hearing. The court finds that the plaintiff's quiet enjoyment of her property is within the zone of legally protected interests under § 19a-320 of her property.
Leete-Stevens argues that the court's finding that Urbanowicz is classically aggrieved is error because she did not plead specific facts which constitute classical aggrievement.
Pleading and proof of facts that constitute aggrievement are essential prerequisites to the trial court's subject matter jurisdiction Hendel'sInvestors Co. v. Zoning Board of Appeals, 62 Conn. App. 263, 271 (2001);New England Rehabilitation Hospital of Hartford, Inc. v. Commission onHospitals and Health Care, 226 Conn. 105, 120 (1993). The plaintiff must first allege facts which, if proven, would constitute aggrievement as a matter of law. Hendel's Investors, supra; Beckich v. Monafort,175 Conn. 415, 419 (1978). The plaintiff in this case did allege and prove statutory aggrievement pursuant to section 8-8 (1) of the General Statutes in that she alleged and proved that her home was within 100 feet of the land involved in the commission's decision. The court had subject matter jurisdiction.
Leete-Stevens argues that this court could not find classical aggrievement based on the fact that the plaintiff failed to allege those specific acts which, if proven, would constitute classical aggrievement. It is true that the pleadings did not contain specific allegations with respect to classical aggrievement. However, the Supreme Court of this state has held that "a court may, despite pleading deficiencies, decide a case on the basis on which it was actually litigated and may, in such an instance, permit the amendment of a complaint, even after trial, to conform to that actuality. Stafford Higgins Industries, Inc. et al v.City of Norwalk et al, 245 Conn. 551, 575, 715 A.2d 46 (1998).
The Supreme Court has held that a trial court may address a technically unpleaded claim that was actually litigated by the parties.
In the instant case, the appeal was brought pursuant to section 8-8 of the General Statutes. The defendants moved to dismiss the appeal on the CT Page 9158 grounds that section 8-8 does not apply, and that if any appeal is permitted pursuant to § 19a-320 of the General Statutes, the plaintiff must establish classical aggrievement. The defendants' motion to dismiss was denied. The plaintiffs properly brought the appeal pursuant to General Statutes section 8-8. Having done so, they need have proved only statutory aggrievement. Since the issue of lack of classical aggrievement was raised by the defendants, the court heard evidence and, as indicated, found that the plaintiff Penny Urbanowicz proved classical aggrievement in that she demonstrated a specific, personal and legal interest in the subject matter of the decision, as opposed to a general interest that all members of the community share and that she demonstrated that the commission's decision specially and injuriously affected that specific personal or legal interest. See Lewis v. Planning Zoning Commission, Ridgefield, 62 Conn. App. 284 (2001); Hall v.Planning Commission, 181 Conn. 442, 444, 435 A.2d 975 (1980).
Aggrievement does not demand certainty, only the possibility of an adverse effect on a legally protected interest. Lewis v. Planning Zoning Commission, Ridgefield, supra; New England Cable Television Assn,Inc. v. Department of Public Utility Control, 247 Conn. 95, 103,717 A.2d 1276 (1998).
The defendants' reliance on Hendel's Investors Co. v. Zoning Board ofAppeals, supra, is misplaced. Hendel's Investors involved a certificate of approval for location of a gas station, and the court's subject matter jurisdiction relied on the pleading and proving of classical aggrievement. The Appellate Court held that the plaintiffs failure to plead aggrievement properly was dispositive of the appeal. Since subject matter jurisdiction in this case does not depend on the plaintiffs proper pleading of classical aggrievement, the court has discretion to address and decide the claim even though the plaintiff has not to date amended the complaint to make the appropriate allegations to conform with the proof. The issue was raised by the defendants. Moreover, the defendants had ample opportunity to cross examine the plaintiff during the hearing on aggrievement.
The court finds no merit in the remaining issues raised by the defendants' therefore, the relief requested in the Motion to Reargue is denied.
Elizabeth A. Gallagher, Judge.