[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal from the action of the defendant Zoning Board of Appeals of the Town of Stonington (hereinafter the "Board") denying the appeal from a decision of the Planning and Zoning Commission of the Town of Stonington and denying plaintiff's application for modification of a special use permit. For reasons hereinafter stated, the action is dismissed.
This is a companion case to Docket Number 556880, Dodson Boatyard, LLCv. Planning and Zoning Commission of the Town of Stonington, et al. On September 20, 2001, plaintiff moved to consolidate both cases. This motion was denied by the court (Martin, J.) on September 28, 2001. Although the cases were not consolidated, they were heard together and the evidence of aggrievement submitted was applicable to both files.
Plaintiff, claiming to be aggrieved by the decision appealed from, has instituted this appeal under the provisions of Connecticut General Statutes §§ 8-9 and 8-8. Section 8-8 (b) limits such appeals to persons aggrieved by the decision appealed from. Pleadings and proof of aggrievement are essential to establish subject matter jurisdiction over the appeal under the provisions of § 8-8 (b). Hughes v. Town Planningand Zoning Commission, 156 Conn. 505, 507 (1968).
The evidence indicates that the plaintiff acquired title to the property in question by trustee's deed executed on September 14, 1999 and recorded in the Stonington Land Records on September 20, 1999. The evidence further indicates that on or about March 21, 2000, plaintiff applied to the Planning and Zoning Commission for modification of an existing special use permit, which application was denied by the Commission on or about October 27, 2000. Plaintiff appealed the action of the Planning and Zoning Commission to the Board which, on December 12, 2000, denied the appeal.
It is therefore found that the plaintiff corporation is statutorily aggrieved and has standing to prosecute this appeal. Primerica v.Planning and Zoning Commission, 211 Conn. 85, 94 (1989).
In its brief, the Board claims that the action should be dismissed CT Page 1301 since the Board had no authority to hear the matter and consequently any acts taken by the Board was a nullity leaving this court without jurisdiction. When questions of subject matter jurisdiction are raised, the court must address the issue before considering the merits of the action.
It is obvious that plaintiff appealed the decision of the Planning and Zoning Commission to the Board out of an abundance of caution engendered by Borden v. Planning and Zoning Commission, 58 Conn. App. 399 (2000), in which the Appellate Court upheld the dismissal of an appeal from the action of the North Stonington Planning and Zoning Commission without first exhausting the administrative remedies available by an appeal to the Zoning Board of Appeals.
It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter. Borden v. Planningand Zoning Commission, supra, 58 Conn. App. 405. Whether an administrative remedy is available is ascertained by examining the applicable regulations. Id., 406. Appeals to the courts from decisions of administrative officers exist only under statutory authority. Park CityHospital v. Commission on Hospitals and Health Care, 210 Conn. 697, 702
(1989). The applicable zoning regulations then must be reviewed to determine if such regulations authorize appeals such as plaintiff has taken here. If the Stonington regulations authorize such appeals, then it would be incumbent upon plaintiff to take such appeal. On the other hand, if no such appeal is authorized, then any appeal to the Zoning Board of Appeals would be without authority.
Section 207 of the North Stonington Regulations, as found in the Borden case, provides for an appeal from a "decision made by the commission or its agent in the enforcement of these Regulations."[1]
Section 8.10.2 of the Stonington Zoning Regulations, entitled "Review of Administrative Orders," provides for an appeal to the Zoning Board of Appeals from any "order, requirement or decision made by the Zoning Enforcement Officer."[2]
Appeals from the action of the Planning and Zoning Commission to the Board are not authorized by the Stonington Regulations. It must therefore be concluded that, unlike the situation in the Borden case, plaintiff had no legal basis or authority under the regulations for appealing to the Zoning Board of Appeals. The situation here is similar to that inScaringe v. Meriden Planning Commission, 31 Conn.L.Rptr. No. 2.71, January 21, 2002, in which an appeal to the Zoning Board of Appeals in reliance on the Borden case was dismissed since the regulations did not CT Page 1302 allow such appeals.
Accordingly, the appeal is dismissed.
Joseph J. Purtill Judge Trial Referee