FRANCIS L. DWYER *v.* PUBLIC UTILITIES COMMISSION
ET AL.

BALDWIN, C. J., KING, MURPHY, MELLITZ and SHEA, Js.

Argued February 3—decided March 1, 1960

*Herbert D. Fischer,* with whom was *Charles H. Fischer, Jr.,* for the appellant (plaintiff).

*Donald F. Keefe,* for the appellee (defendant New Haven Water Company).

*Louis Weinstein,* assistant attorney general, with whom, on the brief, was *Albert L. Coles,* attorney general, for the appellee (named defendant).

BALDWIN, C. J. The New Haven Water Company, a public service company (General Statutes § 16-1) hereinafter referred to as the company, owned a parcel of land on Shingle Hill in West Haven on which it had erected and maintained a water tank or standpipe. This land was in an A residence zone. West Haven Zoning Regs. § 2 (1957). The standpipe had been erected before the zoning regulations became effective and constituted a nonconforming use. Id. § 7. The company found it necessary to erect a second standpipe on this land. On April 8, 1958, it petitioned the zoning board of appeals of West Haven for permission to do so. Under § 15 of the zoning regulations, providing that the board may in a specific case determine and vary the application of the regulations in harmony with their general purpose and intent in a number of specified ways, the board may ". . . (3) Permit the extension of a non-conforming use or building upon the lot occupied by such use or building at the time of the passage of [the] regulations. . . . (10) Vary any requirement of [the] regulations in harmony with their general purpose and intent, so that substantial justice may be done."

The plaintiff owns land adjacent to the land on which the company proposes to locate the standpipe. He, among others, opposed the granting of the petition at a public hearing before the board. The board denied the petition, and the company appealed to the public utilities commission under General Statutes § 16-235. The commission overruled the board and granted the petition. The plaintiff then ap-

pealed to the Superior Court under General Statutes § 16-35; it considered the case upon the record before the public utilities commission and dismissed the plaintiff's appeal. The plaintiff has appealed from that judgment.

The plaintiff claims that the location of the standpipe is "a matter of public utility regulation specifically assigned by section 16-235 to the West Haven Zoning Commission as a special agency of the state, acting in a special capacity," that the company should have applied to the zoning commission, not the zoning board of appeals, and that, consequently, the public utilities commission was without jurisdiction to entertain the appeal from the board of appeals. Under § 16-235,[1] a zoning authority acts as a special agency of the state and in that capacity weighs considerations of the general needs of public convenience, necessity and safety as well as of the needs of local zoning. *Jennings* v. *Connecticut Light & Power Co.*, 140 Conn. 650, 669, 103 A.2d 535; *Wilson Point Property Owners Assn.* v. *Connecticut Light & Power Co.*, 145 Conn. 243, 249, 140 A.2d 874. While the *Jennings* case was an action for a declaratory judgment, it was concerned with the fact that a public service company had brought a petition to the zoning commission of Norwalk, under what is now § 16-235, asking the zoning commission to regulate and restrict the location of a large steam plant

---

[1] "Sec. 16-235. CONTROL BY LOCAL AUTHORITIES; APPEAL. . . . [A] town planning, zoning, building, gas, water or electrical board, commission or committee . . . if it has the power to regulate and restrict the location of structures, trades, industries and business, may regulate and restrict the proposed location of any steam plant, gas plant, gas tank or holder, water tank or electric substation of any public service company. . . . Each . . . order shall be subject to the right of appeal . . . by any party aggrieved to the public utilities commission . . . ."

for generating electricity on land of the company in a zone where such a use was prohibited. In other words, the public service company was seeking permission to make, initially, a use of its land which was not permitted under the zoning regulations. The appropriate local zoning agency to consider such a question is the zoning commission.

In the case at bar, the land was already being put to a use permitted under the regulations as a nonconforming use. The company's request was not for a new use but for the extension of an existing one. While a new use may well require action by the zoning commission, approval of an extension of a nonconforming use is generally a function of the board of appeals. So it is in West Haven. Although a local zoning authority, in passing upon a land use proposed by a public service company, must, as we pointed out in the *Jennings* case, supra, take into account convenience and the general need for the service to be performed by the proposed use of the land, as well as the local requirements of zoning, there is nothing in § 16-235 or in the *Jennings* case to indicate that any question involved in the local regulation of public service activities should not be acted upon by the local regulatory agency empowered to pass upon that particular kind of question. The judgment of the trial court dismissing the plaintiff's appeal was correct.

There is no error.

In this opinion the other judges concurred.