CANNAVO ENTERPRISES, INC. *v.* CHERYL L. BURNS
(12353)

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and SHEA, Js.

Argued May 1—decision released July 24, 1984

44

*Mark E. Lowell,* for the appellant (defendant).
*Joseph S. Cannavo,* pro se, the appellee (plaintiff).

SHEA, J. The defendant has filed a writ of error with this court, claiming that the trial court erred in refusing to grant her motion to transfer the case from the Small Claims docket to the regular docket of the Superior Court.

The record[1] before us reveals the following: On June 14, 1983, the plaintiff brought suit in Small Claims Court alleging that the defendant owed it $246.14 for services rendered. Thereafter the defendant filed a motion pursuant to Practice Book § 572[2] to transfer

---

[1] The only errors reviewable by a writ of error are those that appear on the face of the record. See *State* v. *Ross,* 189 Conn. 42, 51, 454 A.2d 266 (1983).

[2] At the time the motion was filed, Practice Book § 572 provided as follows:

"A case duly entered on the small claims docket of a geographical area court location shall be transferred to the regular docket of the superior court if the following conditions are met:

"'(1) The defendant, or the plaintiff if the defendant has filed a counterclaim, shall file a motion to transfer the case to the regular docket. This motion must be filed on or before the answer date.

"(2) The motion to transfer must be accompanied by (a) a counterclaim in an amount greater than the jurisdiction of the small claims court; or (b) an affidavit stating that a good defense exists to the claim and setting forth with specificity the nature of the defense, or stating that the case has been properly claimed for trial by jury.

"(3) The moving party shall comply with such terms as are fixed by the court, which shall at least provide for not less than the amount of an entry fee of a case in the superior court.

"Unless the case is properly claimed for trial by jury, in which case it shall be transferred to the regular docket of the clerk's office of the superior court serving the county or judicial district within which the geographical area is located, the case shall remain in the clerk's office serving the

the case to the regular docket. The trial court denied the motion.[3] A motion to reargue the motion to transfer was denied and a default judgment[4] was rendered against the defendant in the amount sought in the complaint. The defendant then filed a writ of error.

I

Before addressing the propriety of the trial court's ruling, we must first decide whether this court has jurisdiction to entertain the writ of error. Our jurisdiction is arguably impaired because (1) the defendant may not be sufficiently aggrieved by a default judgment to be entitled to bring a writ of error; and (2) the defendant may be precluded from bringing the writ of error by the language of General Statutes § 51-197a, as amended by Public Acts, Spec. Sess., June, 1983, No. 83-29, § 3 forbidding appeals from Small Claims judgments. We conclude that we have jurisdiction.

General Statutes § 52-272[5] provides in part: "Writs of error for errors in matters of law only may be brought from the judgments of the superior court to the supreme court . . . ." In *Taff* v. *State,* 39 Conn. 82, 83 (1872), and *Alling* v. *Shelton,* 16 Conn. 436, 442

geographical area and be placed upon the regular docket. A case may be consolidated with a case pending in any other clerk's office of the superior court.

"In the event of transfer of a case to another court location, under the provisions of the statutes and rules of court, the original docket sheet or card, together with all papers and documents incorporated therein by reference, shall be transmitted to the clerk of such court and copies thereof shall be retained by the clerk of the court from which the case was transferred."

[3] The record before us does not disclose the reasons for the trial court's denial of the motion.

[4] The judgment appealed from was not the order of default but the "judgment upon default . . . which is entered after the default and after a hearing in damages." *Automotive Twins* v. *Klein,* 138 Conn. 28, 33, 82 A.2d 146 (1951). It was, therefore, a final judgment. Id.

[5] "[General Statutes] Sec. 52-272. WRITS OF ERROR IN MATTERS OF LAW ONLY. RETURN DAYS. Writs of error for errors in matters of law only may be brought from the judgments of the superior court to the supreme court

(1844), we construed predecessors of this statute to require that the litigant bringing the writ of error be aggrieved. See also Practice Book § 3090.[6] Thereafter, in *Reilly* v. *State,* 119 Conn. 217, 175 A. 582 (1934), we acknowledged that "[i]t may be that ordinarily a defendant who suffers a judgment by default is precluded from attacking that judgment by appeal or writ of error"; Id., 221, citing 3 C.J. 604; but went on to find a limited exception for a trustee, where the default judgment adversely affected a beneficiary's interest in a trust res. Id. See also Maltbie, Conn. App. Proc. § 237; cf. *Sidney Novelty Co.* v. *Hanlon,* 79 Conn. 79, 63 A. 727 (1906). The rationale underlying this general rule concerning writs of error brought from default judgments was that by failing to appear and contest the action, the defendant implicitly consented to the judgment and, therefore, was not aggrieved. See 3 C.J. § 449, cited in *Reilly* v. *State,* supra. See also Maltbie, Conn. App. Proc., supra.[7]

---

and shall be made returnable to the next return day or next but one to which they can be made returnable. The return days of the supreme court shall be the first Tuesday of each month except the months of July, August and September."

[6] Practice Book § 3090 provides: "An aggrieved party may file a writ of error in the supreme court only to review the final judgment of a judge or court in a case where no unqualified statutory right of appeal has been provided. A writ of error may be used only to review errors apparent on the face of the record."

[7] Prior to our decision in *Reilly* v. *State,* 119 Conn. 217, 175 A. 582 (1934), this court had never decided whether a writ of error would lie from a default judgment. Former Chief Justice Swift had opined, however, that the writ would lie from a default judgment: "Error will lie in all cases where there is error in law, apparent on the record, and in certain cases where there is error in fact, not apparent on the record. Whenever the pleadings terminate in a demurrer, so that the question appears upon the record, or where the court render an improper judgment on a verdict, motion in arrest, on default or on *nihil dicit,* a writ of error will lie. So where an issue in fact is tried by the court or jury, though no motion in arrest is made, yet if the declaration or any part of the pleadings is defective, or when judgment is rendered on default, if the declaration is bad, advantage can be taken by writ of error . . . ." 1 Swift, Digest p. 789.

Upon reconsideration we now hold that a party suffering from a default judgment may bring a writ of error where no statutory right of appeal exists.[8] We reach this conclusion relying upon our test, now well established, for determining when a party is aggrieved: "The fundamental test for determining aggrievement encompasses a well-settled twofold determination: first, 'the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision.' . . ." (Citations omitted.) *Local 1303 & Local 1378* v. *FOIC*, 191 Conn. 173, 176, 463 A.2d 613 (1983).[9] See *Kulmacz* v. *Kulmacz*, 177 Conn. 410, 418 A.2d 76 (1979).

There can be no question that the defendant has a personal and legal interest in the subject matter of this default judgment, i.e., whether she is liable for services rendered by the plaintiff. Nor can it be successfully maintained that her legal interest has not been "injuriously affected." A default judgment establishes the defendant's liability, and like any other judgment, may be executed according to statute. See General Statutes § 52-347 et seq. It makes no difference for purposes of aggrievement that the judgment was rendered

[8] Practice Book § 3090 provides in part that "[a]n aggrieved party may file a writ of error in the supreme court only to review the final judgment of a judge or court in a case *where no unqualified statutory right of appeal has been provided.*" (Emphasis added.)

[9] In *Local 1303 & Local 1378* v. *FOIC*, 191 Conn. 173, 463 A.2d 613 (1983), we held that our standard for establishing aggrievement for the purposes of an administrative appeal applied with equal force to an appeal filed pursuant to General Statutes § 52-263, the statute that then provided this court with general appellate jurisdiction. We believe that that standard is "compatible with traditional notions for appellate practice"; Id., 175; concerning writs of error as well.

because the defendant was defaulted rather than after the conclusion of a trial. We have recognized that a defendant may directly appeal from a default judgment where a statutory right of appeal exists. See, e.g., *Meinket* v. *Levinson,* 193 Conn. 110, 112–14, 474 A.2d 454 (1984). It would be inconsistent to preclude a party suffering a default judgment from bringing a writ of error where no statutory right of appeal exists. Such a decision would result in insulating the judgment from all appellate review. We decline to construe our requirement of aggrievement in this manner where to do so would deprive a litigant of all appellate review. Cf. *State* v. *Assuntino,* 173 Conn. 104, 106, 376 A.2d 1091 (1977) (statute construed as not abrogating common law right of appellate review by writ of error).

Nor does the fact that the writ lies from the Small Claims division of the Superior Court, where no statutory right of appeal exists; General Statutes § 51-197a as amended by Public Acts, Spec. Sess., June, 1983, No. 83-29, § 3; preclude a more limited appellate review by writ of error. See General Statutes § 52-272. Certainly, the General Assembly could conclude that limited appellate review was all that was necessary for Small Claims cases. Construing our statutes as one consistent body of law, as we must; *Vartuli* v. *Sotire,* 192 Conn. 353, 472 A.2d 336 (1984); we conclude that General Statutes § 51-197a as amended by Public Acts, Spec. Sess., June, 1983, No. 83-29, § 3 does not preclude us from entertaining a writ of error pursuant to General Statutes § 52-272 from the Small Claims division of the Superior Court and that we therefore have jurisdiction.

II

The defendant's claim of error concerns the trial court's refusal to grant her motion to transfer the case to the regular docket. That motion was filed on July

15, 1983, and, pursuant to Practice Book § 572, was accompanied by an affidavit stating that a good defense to the claim existed.[10]

Practice Book § 572[11] was adopted pursuant to General Statutes § 51-15,[12] which provides in part that "the judges of the superior court shall make such orders and rules as they deem necessary or advisable concerning . . . the hearing and determination of small claims . . . ." At that time the Small Claims Court was a legislative court to which the general rulemaking authority of the Superior Court would not apply in the absence of such a statutory provision. Although the incorporation of the Small Claims Court into the Superior Court by the court unification act; General Statutes § 51-164s; now makes the rulemaking power of

---

[10] *"Affidavit*

Cheryl L. Burns of the Town of Canton, County of Hartford and State of Connecticut, being first duly sworn, deposes and says:

1. That she is the defendant in the above-entitled matter.

2. That a good defense exists to the claim of the plaintiff in the above-entitled action.

3. That the said defense is that the work referred to in the complaint was performed under an oral agreement with no agreed price, thus implying the price of the fair market value of said services. The price charged was not reasonable.

4. That as a further defense, the defendant received insufficient Right of Recission under Connecticut General Statutes Section 42-135a.

5. The defendant wishes to preserve her right of appeal.

/s/ Cheryl L. Burns"

[11] See footnote 2, supra.

[12] "[General Statutes] Sec. 51-15. RULES OF PROCEDURE IN CERTAIN CIVIL ACTIONS. SMALL CLAIMS. In accordance with the provisions of section 51-14, the judges of the superior court shall make such orders and rules as they deem necessary or advisable concerning the commencement of process and procedure in flowage petitions, paternity proceedings, replevin, summary process, habeas corpus, mandamus, prohibition, ne exeat, quo warranto, forcible entry and detainer, peaceable entry and forcible detainer, for paying rewards and for the hearing and determination of small claims, including suitable forms of procedure in such cases, exclusive of fees. The orders and rules for the hearing and determination of small claims shall include provisions for the institution of small claims actions by attorneys-at-law on suitable forms to be served by a proper officer or indifferent person upon the defendant in the same manner as complaints are served in civil actions

the Superior Court applicable to Small Claims matters, it should be noted that the General Assembly clearly anticipated that the right to transfer would exist. Section 51-15 states that "[i]f a motion is granted to transfer a small claims matter to the regular docket in the court, the moving party shall pay the same fee as is paid for entering a civil action in the court." See also General Statutes § 52-259 (establishing the fee for transfer).

The defendant claims that she satisfied one of the grounds for transfer set forth in Practice Book § 572, by filing an affidavit that a good defense exists and specifying its nature. We agree and conclude that the court should, therefore, have granted her motion.

at least ten days before the small claims session of the court mentioned in such form, and for making his return thereon at least six days before such session; and may also include, among other provisions, the commencement of actions by an attorney-at-law or other person without writ or requirement of pleading other than a written or oral statement to the clerk; notice by mail; provisions for the early hearing of actions and rules for hearings in accordance with section 52-549a and for the commencement of such actions without the payment of entry fee or other fee, and the elimination of any and all other fees or costs, except a fee for small claims procedure of ten dollars; modification of any or all existing rules of pleading, practice and evidence; a stay of the entry of judgment or of the issuance of execution and an alternative procedure according to the usual rules of practice. Upon the taking effect of such orders and rules, all provisions of statute, both public and private, and the provisions of any orders or rules adopted by the judges of the superior court prior to July 1, 1957, inconsistent with or superseded by them, shall be deemed to be repealed, to the extent necessary to render the orders and rules effective. The procedure for the hearing and determination of small claims as the same may be prescribed, from time to time, by the judges of the superior court shall be used in all small claims sessions of the court. The small claims procedure shall be applicable to all actions, except actions of libel and slander, claiming money damages not in excess of one thousand dollars, and to no other actions. If a motion is granted to transfer a small claims matter to the regular docket in the court, the moving party shall pay the same fee as is paid for entering a civil action in the court. The attorney general or an assistant attorney general, or the commissioner of administrative services or his authorized representative, while acting in his official capacity shall not be required to pay any small claims court fee. There shall be no charge for copies of service on defendants in small claims matters."

We note at the outset that the language of Practice Book § 572, "shall transfer," is generally construed as mandatory rather than permissive. See *Hossan* v. *Hudiakoff,* 178 Conn. 381, 383, 423 A.2d 108 (1979). A trial court passing upon a motion made pursuant to a mandatory Practice Book rule can exercise no discretion other than in determining whether there is compliance with the rule. Moreover, Practice Book § 572 serves as a means for defendants to avoid the informal procedure of Small Claims Court and to opt for the more structured procedure of the regular docket, including the right of jury trial and appeal. Compare Practice Book §§ 547 through 591 to Practice Book §§ 63 through 394. A Practice Book rule that protects important rights such as the right of jury trial and of appeal is generally construed as mandatory not directory. See *State* v. *Cook,* 183 Conn. 520, 441 A.2d 41 (1981); *Finley* v. *Manson,* 1 Conn. App. 260, 470 A.2d 1234 (1984).

We hold, therefore, that where a defendant satisfies one of the conditions for a transfer set out in Practice Book § 572, his motion to transfer must be granted. In the present case the defendant alleged by affidavit that a good defense existed and requested a transfer. We find no deficiency in that affidavit which would render it insufficient to satisfy the requirement of Practice Book § 572 (2) (b) that the affidavit accompanying a motion to transfer state "that a good defense exists to the claim and [set] forth with specificity the nature of the defense . . . ." Under these circumstances, the trial court had no discretion to deny the request.

There is error, the judgment is set aside and the case is remanded to the trial court with direction to grant the defendant's motion to transfer.

In this opinion the other judges concurred.