[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative appeal from the Griswold Conservation Commission (Commission) which denied the plaintiff's application for a wetlands permit. A hearing was held in this Court on September 27, 1990. Both parties were well represented by counsel. The defendant was permitted to enter a general denial to the complaint. No evidence was presented at the hearing.
The plaintiff has neither pled nor proved aggrievement. Connaro Enterprises Inc. v. Burns, 194 Conn. 43
(1984). Aggrievement is jurisdictional. Nader v. Aldermatt,166 Conn. 43.
Even if the court looks beyond the jurisdictional inadequacies, it appears from the minutes of the meeting (Record Item Q) of June 22, 1989 that the Commission took into consideration those concerns authorized by section 22a-41 of the General Statutes and the local regulations (Record Item V), especially the environmental impact of the proposed action and the unsuitability of the activity of the area.
The court cannot substitute its judgment for that of the local agency. New Haven v. FOI, 205 Conn. 767 (1988). The burden of proving that the agency acted illegally is on the one asserting it. Woodbury Water Company v. PUC, 174 Conn. 258,260 (1978). Matters dealing with credibility are within the province of the agency. Leib v. Board of Examiners of Nursing, 177 Conn. 78, 86 (1979). Courts may not engage in microscopic search for technical infirmities. See Jones v. Civil Service Commission, 175 Conn. 504 (1978).
Administrative agencies are presumed to have done its duty legally and properly absent a showing to the contrary. Brecciaroli v. Commissioner of Environmental Protection, 168 Conn. 349, 356 (1975). CT Page 2800
For all of the above reasons the appeal is dismissed.
LEUBA, J.