[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION ON MOTION TO DISMISS]
In the above-captioned matter the defendants The Seymour and Charlotte Shapiro Spray Trust and The Seymour and Jeffrey H. Shapiro Spray Trust sought to dismiss a zoning appeal for the following reasons:
1. The plaintiffs have failed to name the municipal clerk in the zoning appeal.
2. The plaintiffs have failed to plead and prove aggrievement.
3. The plaintiffs were untimely in the return of process.
4. The plaintiffs failed to use the correct form for administrative appeals.
5. The service of process upon the defendants was insufficient.
The defendants abandoned certain of their claims at trial and the others, with the exception of aggrievement, need not be addressed. It is the holding of the court that the plaintiffs have not proven aggrievement and accordingly the matter is dismissed.
The jurisdictional requirement of aggrievement serves both a practical and functional purpose in assuring that only those parties with genuine and legitimate interest which are affected have the opportunity to appeal, [Merrimack Associates Inc. v.DiSesa], 180 Conn. 511, 516 (1980). Aggrievement falls within two broad categories, classical and statutory. The factors involved in whether classical aggrievement exists are tempered by the subject CT Page 4905 matter of the litigation. A party is classically aggrieved if it successfully demonstrates a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest such as is shared by all members of the community, and successfully establishes that this personal and legal interest has been specifically and injuriously affected by the decision. [Cannavo Enterprises Inc. v. Burns], 194 Conn. 43, 47 (1980).
A clear example of classical aggrievement is found in [Pomaziv. Conservation Commission], 220 Conn. 476 (1991). In [Pomazi] the plaintiff's specific factual allegations of aggrievement were conceded by the defendants for purposes of a motion to dismiss. The plaintiff and her husband owned and resided on family land located in the vicinity of the defendant's subdivision. The plaintiff's land was traversed by a stream and wetlands system that flowed through the subdivision in question. The stream and wetlands systems were likely to capture polluted and contaminated water issuing from a horse riding academy and the operation of the horse riding academy would adversely affect the well on the plaintiff's property that served the plaintiff's home. Therefore the plaintiff was interested in the maintenance of the purity and cleanliness of the stream that flowed across her property. From [Pomazi] it can be seen that the plaintiffs, although not located within the distance which would give them statutory aggrievement, had a specific interest that was being affected by the defendant's action.
It should further be pointed out that aggrievement is a prerequisite to maintaining a zoning appeal, and that the plaintiffs bear the burden of proving that they are aggrieved by the agency's decision. [Primerica v. Planning Zoning ofGreenwich], 211 Conn. 85, 92-93 (1989). In the instant case Michael J. Whalen was withdrawn as a plaintiff, although he continued as the attorney representing the remaining plaintiffs. Susan Whalen, Jean Routt, Richard Shanahan, Kathy Dilkes, Steven Purtee and Joan Armstrong each lived on side streets off a state highway which highway admittedly would bear increased traffic as a result of a proposed 125,148 square foot shopping center to be used for retail restaurant and auto service purposes at 120 Commercial Parkway in Branford. Each of the above named plaintiffs lived several miles from the proposed site although they would be forced to travel on the highway carrying increased traffic on a frequent basis. The plaintiff Henry Bullard resided at 83 Cedar Knolls a condominium project located considerably closer to the proposed shopping center. Mr. Bullard's street might also be expected to carry CT Page 4906 increased traffic. It should first be pointed out that in granting the special exception the planning and zoning commission found that the proposed traffic would not lower the level of services or cause hazardous conditions on the roadway system within one mile of the site. The plaintiffs produced no expert evidence or traffic study to contradict the findings of the regulatory agency. The only evidence of increased traffic was the opinion of the various plaintiffs testifying on their own behalf. The court is willing to find that an additional 125,148 square feet of shopping center would produce significant additional traffic. The court, accompanied by the attorneys, viewed the site in question and the location of the homes of the various plaintiffs. The court can understand why the plaintiffs would prefer that the extensive development approved by the city of Branford not take place. Nevertheless, it is the holding of the court that none of the plaintiffs has successfully demonstrated a specific, personal and legal interest in the subject matter of the decision nor an interest which is distinguished from a general interest such as would be the concern of all members of the community in that section of Branford. More importantly, none of the plaintiffs has successfully established that their claimed specific, personal and legal interest has been specially and injuriously affected by the decision appealed from. Accordingly since no plaintiff claims statutory aggrievement and the court finds the absence of classical aggrievement the appeal is dismissed.
The court by,
Kevin E. Booth, Judge