[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The present case is an appeal, pursuant to Connecticut General Statutes §§ 8-28 and 8-8, from a decision of the Zoning Board of Appeals of the Town of Killingly denying the Plaintiffs' request for a variance of Section 620.3 of the Town's zoning regulations.
 I.
The Plaintiffs, Winifred Klein, formerly Winifred Codding, and Arthur Klein, are the owners of an approximately fifteen acre parcel of land in the Town of Killingly. The parcel currently consists of five separate tracts of varying acreage.[1] The Kleins intend to combine two of the five tracts and construct one single CT Page 8449 family dwelling on each of the four remaining tracts (Return of Record, Exhibit E).
The Plaintiffs acquired the land in question through inheritance from the Codding family. The six individual tracts comprising the original parcel were created before zoning regulations took effect in Killingly. Each lot was created with access to either a "paper street" or "dedicated town road" (ROR CC, p. 3).
On September 12, 1990, the Plaintiffs filed with the Killingly Zoning Board of Appeals (hereinafter "ZBA") an application seeking a variance of Section 620.3 of the Town's zoning regulations (ROR N). Section 620.3 provides that,
 [e]very building hereafter erected or moved shall be on a lot with frontage on an accepted public street, a proposed public street, or an approved private street or shall have an unobstructed access strip in fee simple (an unobstructed easement of access or an unobstructed right-of-way are acceptable substitutes) not less than fifty (50) feet in width to an accepted public street, a proposed public street, or an approved private street, provided no more than two (2) principal buildings shall use such access strip. No two (2) or more access strips, serving interior lots, shall abut each other.
The Plaintiffs requested a variance to allow access to three of the proposed dwellings over two unapproved roads of approximately forty feet in width, and access to the fourth dwelling over a right of way of less than fifty feet in width (ROR N, p. 2).
According to the October 10, 1990 submission by Normandin 
Associates in support of the Kleins' request for a variance, access to tracts four and five would be over Sprague and Shumway Streets, neither of which is a public street (ROR A). Access to tract six would be over Sprague and Shumway Streets until Shumway reaches tract four. Access to tract six would then continue over a proposed fifty foot right of way to the property line of the tract. Tract three would be accessed from Sprague Street directly, as it has 150 feet of frontage on. Sprague street (ROR E). Access to tract two would be over a right of way which joins the end of Upland Road (ROR E).
Sprague and Shumway are unaccepted town roads which presently CT Page 8450 service two or more dwellings. Each street is approximately forty feet wide and unpaved. Therefore, this portion of the Plaintiffs' proposal for development of the land violates Section 620.3 of the Town's zoning regulations. As unapproved streets, it has been the shared responsibility of the neighbors who access their homes over the streets to maintain them. The Record indicates that currently one resident of Sprague Street maintains Sprague and a portion of Shumway "by courtesy . . ." (ROR CC, p. 20).
Upland Road is a Town-approved road which was never fully paved. Two houses are currently accessed over the narrow unpaved portion of Upland (ROR CC, p. 49). While tract two does not directly access Upland (ROR E), the Plaintiffs claim that they will gain access to tract two from Upland, over a right of way referred to in the Record as Youngs Lane (ROR M). The right of way averages only twenty-five feet in width (ROR CC, p. 20), and therefore, is in violation of Section 620.3. The Record indicates that during the public hearing, a great deal of testimony was elicited regarding the Plaintiffs' demonstration of legal access from Tract two over the Youngs Lane right of way (ROR CC, pp. 48-9, 51, 58). The Record is not clear on the issue of the Plaintiffs' actual legal access over the claimed right of way.
The ZBA has the power to grant a variance from the zoning regulations, under Section 800.2, "where, owing to special conditions, a literal enforcement of the provisions of these Regulations would result in an unnecessary hardship. (Financial detriment shall not be considered an unnecessary hardship. ). . ." Killingly Zoning Regulations, § 800.2. Section 800.2.1 of the Killingly zoning regulations sets forth four criteria which an applicant must demonstrate, before the ZBA can grant a variance.[2]
In their application to the ZBA, the Plaintiffs failed to state the specific hardship that they would suffer if the regulations were enforced literally (ROR N, p. 2). The submission by Normandin Associates states that the Plaintiffs' hardship results from the fact that the tracts in question were created before the zoning regulations took effect. They should not, therefore, be precluded from using their land as other property owners in a low density zone would simply because they chose to develop their land after the development of neighboring properties (ROR A).
The ZBA subsequently scheduled a public hearing on the Kleins' application for October 11, 1990. The hearing was held CT Page 8451 over to November 15, 1990 and concluded on that date. At the conclusion of the hearing, the ZBA held its regular meeting and voted 5 to 0 to deny the Plaintiffs' application.
During, the public hearing, Plaintiffs' counsel described how the Klein's application satisfied the criteria of Section 800.2.1 of the zoning regulations as follows: (1) other land in the area is not burdened with the access problems that the Kleins' land is, (2) a literal interpretation of the zoning regulations would deprive the Kleins of rights commonly enjoyed by other properties in the same area, especially the right to develop their land into residential lots, (3) the special conditions did not result from any actions of the Kleins; the five tracts were created before the zoning regulations took effect and comply with all zoning regulations except 620.3 regarding access, and (4) granting the variance would simply give the Kleins the right to build houses on the lots, which although lacking in access, conform to the zoning laws in all other respects (ROR CC, pp. 7-15).
At the hearing, a great deal of testimony was presented in opposition to the Plaintiffs' application. Several ZBA members expressed concerns that granting the variance would have a negative impact on public health and safety, due to the increase in traffic on the narrow roadways (ROR CC p. 10). In addition, several area residents testified against the application because of their concern that service trucks and safety vehicles would not have adequate access over the narrow streets (ROR CC, p. ?). Approximately forty-one Killingly area residents and owners joined in signing a petition in opposition to the Kleins' application (ROR I).
The Record indicates the ZBA denied the Kleins' application primarily due to its concern for public health and safety (ROR CC, p. 58). In addition, the Board noted that it was not convinced the Plaintiffs had adequately demonstrated legal access to tract two over the claimed right of way from Upland Road (ROR CC, p. 58).
The present appeal was brought on December 20, 1990. Following the submission of written briefs, the case was assigned for oral arguments on June 6, 1995.
 II.
AGGRIEVEMENT CT Page 8452
"Proof of aggrievement is essential to a court's jurisdiction of a zoning appeal." Connecticut Resources Recovery Authority, EtAl. v. Planning Zoning Commission of the Town of Wallingford,225 Conn. 731, 739; n 12, 626 A.2d 705 (1993) (citing Hughes v. TownPlanning Zoning Commission, 156 Conn. 505, 509, 242 A.2d 705
(1968)). The court must employ a two part test when determining whether a Plaintiff is aggrieved by the decision of a board under Connecticut General Statutes, § 8-8. CRCA v. Planning ZoningCommission, 225 Conn. at 739. "[F]irst, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest . . . . Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision . . . ." Id., (citing CannavoEnterprises, Inc. v. Burns, 194 Conn. 43, 47, 478 A.2d 601 (1984)).
The Record indicates no dispute over the Plaintiffs' ownership of the land in question. As the owners of the land involved in the decision of the Killingly ZBA, the Plaintiffs clearly have a "specific personal and legal interest in the subject matter of the decision." Id. Further, the board's denial of the variance has injured this legal interest and affected their property rights, to wit, their right to erect dwellings on the four tracts. Goldfeldv. Planning Zoning Commission, 3 Conn. App. 172, 175-6,486 A.2d 646 (1985). The court finds that the Plaintiffs are, therefore, aggrieved by the board's decision.
 III.
STANDARD OF REVIEW
In reviewing the decision of an administrative authority, such as a zoning board of appeals, the trial court must determine whether the board's action was arbitrary, illegal, or constituted an abuse of discretion. Pike v. Zoning Board of Appeals, 31 Conn. App. 270,273, 624 A.2d 909 (1993) (citations omitted). The burden of proof is on the Plaintiff to prove that the board acted improperly. Adolphson v. Zoning Board of Appeals, 205 Conn. 703,707, 535 A.2d 799 (1988) (citations omitted). "`[U]pon appeal, the trial court reviews the record before the board to determine whether it has acted fairly or with proper motives or upon valid reasons . . .'" Id. (quoting Willard v. Zoning Board of Appeals,152 Conn. 247, 248-49, 206 A.2d 110 (1964)). The trial court is not permitted to substitute its judgment for that of the board. CT Page 8453 Pike, 31 Conn. App. at 273 (citing Whittaker v. Zoning Board ofAppeals, 179 Conn. 650, 654, 427 A.2d 1346 (1980)). In the instant case, the trial court must review the record before the Killingly ZBA and determine whether the board's reasons for the denial of the Plaintiffs' variance ". . . find reasonable support in the record and provide a relevant basis for the action taken on the application." Id. (citations omitted).
 IV.
On appeal, the Plaintiffs claim that the ZBA failed to state any factual basis for its decision and the denial, therefore, was arbitrary and constituted an abuse of discretion. Further, they argue that they suffer from a unique hardship in that strict compliance with the zoning regulations will render their lots unbuildable. Brief in Support of Plaintiffs' Appeal, pp. 3-7.
The Defendant claims the plaintiffs have failed to demonstrate that the ZBA acted in an illegal or arbitrary manner or that it abused its discretion. The Defendant maintains the board stated specific reasons in the Record for its denial of the variance and the reasons were based on substantial evidence before the board. Defendant's Brief, pp. 5-10. In addition, the Defendant asserts that the Plaintiffs failed to prove the existence of an unusual hardship that is different in kind from that generally affecting properties in the same district. Defendant's Brief, p. 10.
The court addresses each of the Plaintiffs' claims in turn.
 VI.
In denying the variance in the instant case, the board stated at least five separate reasons for its action. The Record indicates that after the motion was made and seconded to deny the Plaintiffs' application, board member Frank Singleton outlined the reasoning behind the denial as follows: (1) the Plaintiffs did not adequately demonstrate legal access from tract two to Upland Road over the claimed right of way, especially "without an A-2 survey and other information"; (2) even if legal access was demonstrated, public safety would be negatively impacted if access were allowed to tract two from Upland Road; (3) adding extra square footage to tract three from tract four "increas[es] the nonconformity on the subdivision that exists now . . ."; (4) the board has to balance public safety concerns and does not wish to "make bad situations worse"; (5) the Kleins' acquired the property without fully CT Page 8454 understanding the access issues involved and, therefore, their hardship was self-imposed (ROR CC, pp. 58-9).
The action of the ZBA in the instant case clearly was not arbitrary and did not constitute an abuse of discretion. The Record indicates that the board acted with proper motives and cited many valid reasons for the denial of what amounted to approximately eight separate variances from the literal enforcement of the zoning regulations. Further, the Record demonstrates that substantial evidence was presented in opposition to the Plaintiffs' application from which the board could determine the "paramount issue" in this case was the effect of the Plaintiffs' proposal on the public safety (ROR CC, p. 59).
It is not the function of this court to substitute its judgment for "the wide and liberal discretion vested in the local authority when acting within its prescribed legislative powers."Frito-Lay, Inc. v. Planning Zoning Commission, 206 Conn. 554,572-3, 538 A.2d 1039 (1988). "The court must invest such broad discretion in these authorities when determining the public need and the manner of meeting it, because they are closest to the circumstances and conditions which `create the problem and shape the solution.'" Id. at 573 (quoting Stiles v. Town Council,159 Conn. 212, 219, 268 A.2d 395 (1970)).
With regard to the Plaintiffs' claim that they suffer from a unique hardship, the court is not convinced that this hardship was not, to some degree, self-imposed. The original parcel of land acquired by the Plaintiffs included a tract with 100 feet of frontage on Stearns Street, a Town-approved street. The Plaintiffs chose not to use this tract to provide access to the other tracts, and instead conveyed it to their daughter. The Plaintiffs must comply with Section 620.3 of the regulations, as all other landowners in Killingly must, and therefore, their hardship is not unique.
Accordingly, the Plaintiffs' appeal is DISMISSED.
FOLEY, J.