[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff Comptroller of the State of Connecticut (Comptroller) filed this appeal on September 22, 1997, from a decision of the defendant Commissioner of the Department of Insurance (commissioner), approving the merger between Anthem Insurance Companies, Inc. and Blue Cross and Blue Shield of Connecticut, Inc. and the resulting change of control of Anthem Health Plan Inc. and Connecticut American, Inc. The defendants move to dismiss the appeal on the grounds that the plaintiff is not aggrieved by the commissioner's decision.[1]
This appeal is governed by the Uniform Administrative Procedure Act, General Statutes §§ 4-166 through 4-189, and accordingly this court's jurisdiction "is created only by statute and can be acquired and exercised only in the manner prescribed by statute." United Cable Telephone Service v. Dept of PublicUtility Control, 235 Conn. 334, 341 (1995). Under General Statutes § 4-183, a person "who is aggrieved by a final decision may appeal to the Superior Court as provided in this section." General Statutes § 38a-139(a) is the statutory provision authorizing an appeal from the commissioner's orders pertaining to mergers, and it provides that "any person aggrieved . . . [by an action] of the commissioner . . . may CT Page 11477 appeal therefrom to the Superior Court for the judicial district of Hartford-New Britain." Accordingly, in order to have standing to bring an administrative appeal, a person must be aggrieved.Connecticut Business Industry Assn., Inc. v. Commission onHospitals Health Care, 214 Conn. 726, 729 (1990).
With considerable authority, the defendants argue that the issue of aggrievement must be addressed before proceeding any further with the appeal. East Side Civic Assn. V. Planning andZoning commissioner, 161 Conn. 558, 559 (1971); Park CityHospital v. CHRO, 14 Conn. App. 413, 417 (1988), aff'd,210 Conn. 697 (1989). The court heard argument and received offers of proof from the plaintiffs.[2] In light of the claims contained in the complaint, the offers of proof as supported by the record, the language of the pertinent statute and without reaching the merits of the appeal, the court denies the motion to dismiss.
"Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected. O'Leary v.McGuinness, 140 Conn. 80, 83 (1953). Hall v. Planning Commission,181 Conn. 442, 445 (1980)." (Internal quotation marks omitted.)United Cable Telephone Service v. DPUC, 235 Conn. 334, 343
(1995). "The determination of aggrievement presents a question of fact for the trial court and a plaintiff has the burden of proving that fact." Mystic Marinelife Aquarium, Inc. v. Gill,175 Conn. 483, 493, 400 A.2d 726 (1978).
As noted most recently by our Supreme Court in Med-Trans ofConn., Inc. v. Dept of Public Health Addiction Services,242 Conn. 152 (1997), the test for determining aggrievement is twofold:
 First, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision . . . . Cannavo Enterprises, Inc. v. Burns, 194 Conn. 43, 47, 478 A.2d 601 (1984); Bakelaar v. West Haven, 193 Conn. 59, 65, 475 A.2d 283 (1984). CT Page 11478
Id. 158-59.
The court has previously found that the plaintiff satisfied the first prong. General Statutes § 38a-132 in part prohibits the commissioner from approving the merger if he finds that
 (C) The financial condition of any acquiring party is such as might jeopardize the financial stability of the insurance company or prejudice the interest of its policyholders;
 (D) The plans or proposals which the acquiring party has to liquidate the insurance company, sell its assets or consolidate or merge it with any person, or to make any other material change in its business or corporate structure or management, are unfair and unreasonable to policyholders of the insurance company and not in the public interest.
 (E) The competence, experience and integrity of those persons who would control the operation of the insurance company are such that it would not be in the interest of policyholders of the insurance company and of the public to permit the merger or other acquisition of control;
(Emphases added.)
The plaintiff is a policyholder of Blue Cross and Blue Shield of Connecticut, Inc. and claims injury as a result of her status as a policyholders.[3] (¶¶ 4, 42a, h and l, Amended Appeal). From the clear language of the statute, then, the plaintiff have specific personal and legal interest as distinguished from a general interest.
The issue remaining is whether that specific and personal interest as a policyholder has been "specially and injuriously affected in a way that is cognizable by law." As noted by the defendants, it is well established that "allegations and proof of mere generalizations and fears are not enough to establish aggrievement." Kelly v. FOIC, 221 Conn. 300, 312 (1992). The Comptroller's allegations of injury are not mere generalizations and fears. CT Page 11479
Among the injuries alleged by the plaintiff in her Amended Appeal is that the commissioner's decision was based solely upon financial information "which was factually flawed and represented the acquiring company and the acquisition in a favorable manner when in fact it places BCBS-CT in a precarious position and puts the plaintiffs at risk." The court reviewed the record which included the testimony of Dr. Fred Hyde who testified at the public hearing regarding the financial stability of Blue Cross and the effect of the merger on health services to the policyholders. (ROR, Binder XI, Item 3). In addition, the commissioner's decision contains the findings of the commissioner's expert, Townsend Schupp, including the negative results anticipated from the merger. Included in those findings was the movement of surplus from BCBS to Anthem (alleged in ¶¶ 7, 42, Amended Appeal); movement of executive power to the national or regional level; the future transfer of capital from CT Blue to Anthem in the form of guaranty policy premiums; BCBS voting members (as a block) would become a 21% voting minority in Anthem (ROR, Proposed Final Decision, pp. 23-24; See ¶¶ 5, 42d, Amended Appeal).
"Standing concerns the question whether the interest sought to be protected by the complainant is arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question." (Emphasis added.) UnitedCable Telephone Serv. v. Dept. of Pub. Util., supra,235 Conn. 345. Further, as noted in Light Rigging Co. v. DPUC,219 Conn. 168, 177 (1991),
 Standing is an examination of the parties, not the merits of the action." Manchester Environmental Coalition v. Stockton, 184 Conn. 51, 64, 441 A.2d 68 (1981). Because a possibility exists, however, that the alleged competition and the resulting diminution in value of the plaintiffs' certificates arise from the grant of a certificate for which no public need exists, we conclude that, under this particular statutory administrative scheme, such allegations were sufficient to establish that there is a possibility that the plaintiffs' specific personal and legal interests in their certificates have been specially and injuriously affected by the DPUC's decision.
While it is not certain and need not even be probable that the CT Page 11480 plaintiff here has in fact suffered a special injury as a policyholder, she has proffered enough for this court to find the possibility of such an injury. "Standing [however] is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented." (Citations omitted; internal quotation marks omitted) Id., 172.
The plaintiff has pleaded and proved a possibility that an interest she has as a policyholder has been adversely affected. Accordingly, she is entitled to a judicial review of the commissioner's decision. The motion to dismiss is denied.
DiPentima, J.