[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Sergio Almonte, appeals the decision of the defendant Commissioner of the Department of Public Health (Commissioner) disqualifying him from participation in the United States Department of Agriculture sponsored Supplemental Food Program for Women, Infants and Children (WIC) for a period of three years. The appeal is dismissed for the reasons set forth below.
Plaintiff operates a small food market on property rented from the Hartford Housing Authority at the Charter Oak Terrace public housing project. The plaintiff's market primarily serves residents of Charter Oak and the neighboring Rice Heights public housing project.
The WIC program provides specific nutritious foods[1]
through the retail food system. WIC is federally funded, but in Connecticut it is administered by the defendant. General Statutes § 19a-59.
Retail markets must be authorized by the Commissioner to participate as vendors in the program. Vendors are trained in WIC CT Page 2122 procedures, enter an agreement (Vendor Agreement) with the Commissioner and receive a WIC stamp. See § 19a-59c
7 C.F.R. § 246 (h) and Regs., Conn. State Agencies §§ 19a-59c-5-6. Persons eligible for WIC food supplements are provided WIC checks which can be redeemed for approved food items at participating retail vendors. The vendor in turn deposits such WIC checks and receives cash from the government. Nearly half of plaintiff's business (approximately $10,000 a month) was through WIC checks.
The plaintiff was a WIC vendor, whose store stamp number was 3052. The defendant through an investigator, Sybil Thomas, negotiated WIC checks at an unauthorized Hartford retail store (Elmas Market, 955 Broad Street, Hartford) on September 7, and 10, 1996. Both WIC checks negotiated at Elmas Market were returned to the WIC program for cash by the plaintiff.
The plaintiff on December 18, 1996, was notified of the incidents of September 7, and 10, 1996 and his disqualification for three years effective January 5, 1997.[2] The letter also advised plaintiff of his right to a hearing. Plaintiff requested a hearing and one was held on February 20, 1997. The Commissioner's decision of July 22, 1997, adopted the hearing officer's recommended decision and affirmed plaintiff's disqualification.
Plaintiff filed a timely appeal of such decision on August 15 1997, a stay of the disqualification was entered on September 2, 1997. The defendant's Motion to Dismiss was denied on November 21, 1997 (see Memorandum of Decision). Briefs on the merits were filed by the plaintiff on February 2, 1998, and the defendant on February 18, 1998. The parties were heard in oral argument on February 18, 1998.
The plaintiff briefs three issues in his appeal.[3]
Plaintiff questions the sufficiency of the notice of disqualification. Plaintiff also raises underlying challenges to the findings that he violated the WIC program rules, and contests the conclusion that his removal from the program would not constitute undue hardship for WIC recipients.
The plaintiff's evidentiary claims are resolved pursuant to the substantial evidence rule.
"Judicial review of an administrative agency decision requires a court to determine whether there is substantial CT Page 2123 evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the administrative agency on the weight of the evidence or questions of fact. (Citations and internal quotation marks.)Dolgner v. Alander, 237 Conn. 272, 280 (1996).
"The substantial evidence rule governs judicial review of administrative fact-finding under the UAPA. General Statutes § 4-183 (j)(5) and (6). An administrative finding is supported by substantial evidence if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. The substantial evidence rule imposes an important limitation on the power of the courts to overturn a decision of an administrative agency . . . and to provide a more restrictive standard of review than standards embodying review of weight of the evidence or clearly erroneous action." (Citations and internal quotation marks omitted; footnote omitted.) Dolgnerv. Alander, supra, 237 Conn. 281. Substantial evidence "is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." (Citations and internal quotation marks omitted.) Id.
It is a violation of plaintiff's WIC Vendor Agreement: "[T]o receive, transact and/or redeem WIC checks outside of authorized channels or through unauthorized persons. Vendors may not assign or transfer WIC checks." (R. p. 24.) The record contains evidence that plaintiff deposited WIC checks which had been negotiated at an unauthorized vendor[4] (Elmas Market) on September 7, and 10, 1996. (R., pp. 53-54.) The evidence included written reports of the compliance test purchases at Elmas Market and the deposit by plaintiff of those checks which had been negotiated at Elmas Market. Plaintiff does not dispute the evidence of the September 1996 incidents or his deposit of such checks. Plaintiff argues that further evidence as to how this happened is required. It is a reasonable inference that if (1) the WIC checks were negotiated at Elmas Market, (2) Elmas Market is not an authorized WIC vendor, and (3) the same WIC checks were deposited by plaintiff; then, plaintiff transacted WIC checks outside of authorized channels. It is a basic function of any fact finder to make inferences from circumstantial evidence in the record. See Potterv. Chicago Pneumatic Tool Company, 241 Conn. 199, 218 (1997). CT Page 2124
The plaintiff's objections to the introduction of the documentary evidence fail because he was advised (prior to the hearing) in his "Notice of Hearing" that "It is your obligationto call any person you desire as a witness. This includes any WICVendor Monitors and/or Compliance Investigators." (R., p. 73. ) Plaintiff chose not to call such monitors and investigators and at oral argument did not dispute the evidence set forth in the documentary record. "`[T]he failure to utilize a remedy available to cure a procedural defect can constitute a waiver of the right to object to the alleged defect.' Jutkowitz v. Department ofHealth Services, 220 Conn. 86, 95 (1991)." (Citations omitted.)Dragan v. Medical Examining Board, 223 Conn. 618, 633 (1992).
The plaintiff brings this appeal pursuant to the Uniform Administrative Procedure Act (UAPA), §§ 4-166 through 4-189, which does not preclude the use of hearsay evidence.[5] The court under the UAPA may only overturn an agency's decision if "substantial rights of the person appealing have been prejudiced. . . ." If plaintiff does not dispute the accuracy of the agency's documentary evidence, then no prejudice exists from its hearsay nature.
The plaintiff's claim of insufficient notice fails in that the "Notice of Hearing" (R., p. 73) conformed to the requirements of § 4-177 (b). Conformance with the requirements of the UAPA satisfies the demands of constitutional due process. Pet v. Dept.of Health Services, 228 Conn. 651, 661 (1994).
The plaintiff's remaining claim asserts that his disqualification as a WIC vendor will have an undue hardship on his customers who are WIC participants. The court disagrees.
The federal requirements include the following in 7 C.F.R. § 246, 12(k)(v):
 Prior to disqualifying a food vendor, the State agency shall consider whether the disqualification would create undue hardship for participants.
The record reveals that the hearing officer reviewed evidence on undue hardship from the plaintiff and the department. The evidence addressed "the distance of other WIC providers, and the impact on the plaintiff's customers. The hearing officer CT Page 2125 determined that the participants would suffer inconvenience but not undue hardship as a result of plaintiff's WIC disqualification.
The court holds that the federal requirement that the consideration of undue hardship on WIC participants prior to disqualifying a WIC vendor, does not establish the absence of undue hardship as a condition of disqualification. All that is required is prior consideration of the impact of vendor disqualification on WIC participants.
In the instant case the Commissioner determined that the impact did not constitute undue hardship.[6] The consideration by the agency of the hardship to the participants prior to disqualification of the vendor, appears to meet the requirement of 7 C.F.R. § 246.12 (k)(v). It does not appear to be a substantive requirement or a prerequisite to disqualification, that no undue hardship would be experienced by plan participants. It is sufficient that the agency consider the impact on the WIC recipients and balance the consequences in its decision. That minimal requirement seems to have been met.
To the extent that the "undue hardship" regulation imposes a substantive evidence requirement, it is unlikely that the plaintiff would have standing to raise it. The plaintiff has not been aggrieved by the imposition of undue hardship on WIC participants. Aggrievement involves a twofold determination: "first, the party claiming aggrievement must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision . . . ConsumerEnterprises. Inc. v. Burns, 194 Conn. 43, 47 (1984), Bakelaar v.West Haven, 193 Conn. 59, 65 (1989). "Standing concerns the question whether the interest sought to be protected by the complainant is arguably within the zone of interests to be protected or regulated. . . ." State v. Pierson, 208 Conn. 683,687 (1988) cert. denied 489 U.S. 1016, 109 S.Ct. 1131,103 L.Ed.2d 193 (1989). United Cable v. DPUC, 235 Conn. 334, 345
(1995).
The "undue hardship" regulation is clearly raised at protecting WIC participants rather than WIC vendors. Plaintiff, a CT Page 2126 WIC vendor, does not have standing or aggrievement status to assert the interests of WIC participants.
The decision is affirmed, and the appeal is dismissed. The stay is vacated.
Robert F. McWeeny