[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The plaintiffs, Michael J. Pelezar and Christine Pelczar, appeal from a decision of the Inland Wetlands Commission of the Town of Brookfield denying them permission to conduct a regulated activity in conjunction with the construction of a driveway.
On February 17, 1999, the plaintiffs applied to the defendant commission for a permit to conduct a regulated activity as a consequence of constructing a 200 foot long driveway from Squire Court to an existing dwelling (ROR A).
The plaintiffs' property consists of approximately 2.661 acres, and is currently accessed by a common driveway shared with a neighboring lot (ROR B).
The property is now known as Lot 1A, having once been part of a larger parcel consisting of Lot 1A and Lot 2A (ROR B).
The larger parcel was divided to allow for the construction of a second dwelling, using the common driveway to Squire Court.
The plaintiffs' proposal called for the driveway to cross a ditch line.
The proposed construction contemplated removal of 75 cubic yards of soil from the wetland, and installation of a 36 inch culvert under the driveway.
The driveway, as designed, crossed a conservation easement to which the property is subject.
The conversation easement runs with the land, and is CT Page 2349 referenced in the plaintiffs' deed to their property.
Assuming favorable action by the defendant commission, prior to constructing the driveway, approvals from the Brookfield Planning Commission, the Brookfield Board of Selectmen, and the Brookfield Town Meeting are necessary, in order to modify the conservation easement.
Prior to February 17, 1999, the plaintiffs had made application for a permit in July of 1998.
That application was denied without prejudice.
The February 17, 1999 application included a proposed mitigation plan, and the creation of a "new" wetland to compensate for the wetland functional losses resulting from the driveway construction. (ROR A, Letter of November 16, 1998 from Dr. Gene McNamara.)
The commission did not hold a public hearing concerning the plaintiffs' application for a permit, but considered the permit application at its February 22, 1999 (ROR E) and March 8, 1999 (ROR G) meetings.
The plaintiffs were given an opportunity to be heard, both individually, and through their attorney.
On March 8, 1999, the commission voted unanimously to deny the application, citing three reasons for its decision (ROR K):
1. From a wetlands standpoint, no hardship was proven.
2. Mitigation of wetlands is highly unsuccessful.
3. One commissioner (Fuchs) pointed out that the conservation easement placed on the property in the 1980s allowed two houses on the property, only if there was a common driveway.
 AGGRIEVEMENT
The plaintiff, Christine Pelezar, testified at trial that she and her husband, the plaintiff, Michael Pelczar, are the owners of the property which is the subject of the February 17, 1999 application. CT Page 2350
A party claiming aggrievement must satisfy a well established twofold test: (1) that party must show a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as a concern of all members of the community as a whole; and (2) the party must show that his specific personal and legal interest has been injuriously affected by the decision. Hall v. PlanningCommission, 181 Conn. 442, 444 (1980); Cannovo Enterprises v.Burns, 194 Conn. 43, 47 (1984).
Aggrievement is a jurisdictional matter and a prerequisite for maintaining an appeal. Winchester Woods Associates v.Planning Zoning Commission, 219 Conn. 303, 307 (1991).
Ownership of the property demonstrates a specific personal and legal interest in the subject matter of the decision. Huck v.Inland Wetlands Watercourses Agency, 203 Conn. 525, 530 (1987).
Although the plaintiffs would be required to obtain additional approvals from other municipal agencies before the contemplated driveway can be constructed, the second prong of the aggrievement test has been satisfied.
A plaintiff need only show a possibility, as distinguished from a certainty, that some legally protected interest has been affected. Pomazi v. Conservation Commission, 220 Conn. 476, 483
(1991).
Denial of a permit to conduct a regulated activity is sufficient to demonstrate that the plaintiffs interest has been specifically and injuriously affected.
The plaintiffs, Michael and Christine Pelczar, are therefore aggrieved by the decision of the defendant commission.
 STANDARD OF REVIEW
Municipal wetlands agencies have been given broad discretion to oversee municipal wetlands activities. Kaeser v. ConservationCommission, 20 Conn. App. 309, 317 (1989).
A reviewing court is not charged with undertaking a broad de novo review. Huck v. Inland Wetlands Watercourses Agency, supra, 541. An agency decision must be sustained if it is supported by substantial evidence. Bradley v. Inland WetlandsCT Page 2351Agency, 28 Conn. App. 48, 52 (1992).
Under the substantial evidence rule, the evidence offered in support of an agency decision must be sufficient to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion is one of fact, to be drawn by a jury. Samperi v.Inland Wetlands Agency, 226 Conn. 579, 588 (1993). A trial court will not disturb the decision of an agency if there is substantial evidence in the record supporting the decision.Gagnon v. Inland Wetlands Watercourses Commission,213 Conn. 604 (1990).
The burden is upon the party challenging the action to establish that the record does not support the decision reached by the agency. Red Hill Coalition, Inc. v. ConservationCommission, 212 Conn. 710, 718 (1989).
The agency is not required to use evidence and materials in a particular fashion, so long as the conduct of the hearing is fundamentally fair. Bradley v. Inland Wetlands Agency, supra, 53-54.
When an agency has stated reasons for its action, as it has here, a court is required to examine the assigned grounds to determine whether they are reasonably supported by the record.DeMaria v. Planning Zoning Commission, 159 Conn. 534, 540
(1970). If any reason offered in support of the decision supports the action, the decision of the commission must be sustained.Crescent Development Corporation v. Planning Commission,148 Conn, 145, 150 (1961).
 PROPOSED ACTIVITY NOT INCIDENTAL TO USE AS RESIDENTIAL PROPERTY
Section 22a-38(13) of the Connecticut General Statutes, defines a "regulated activity" as "any operation within or use of a wetland or watercourse involving removal or deposition of materials, or any obstruction, construction, alteration, or pollution of such wetlands or watercourses, but shall not include the specified activities in section 22a-40."
The applicable provision of the Inland Wetlands and Watercourses Regulations of the Town of Brookfield § 220-3 (25), describes "regulated activity" using similar language (ROR K p. 6). CT Page 2352
All parties concede that the plaintiffs proposed construction of a driveway involves a regulated activity.
The plaintiffs argue, however, that both § 22a-40a (4) of the General Statutes and § 220-5(4) of the Brookfield Regulations exempt the proposed driveway from the definition of a regulated activity, because construction of a driveway is a use "incidental to the enjoyment or maintenance of residential property."
This argument is not persuasive.
The statute provides that the exemption shall not apply to "removal of significant amounts of material from or into a wetland or watercourse."
The Brookfield Regulation uses the same language, except that the word "substantial" is used rather than "significant."
Exemptions embodied within statutes are to be strictly construed. Conservation Commission v. Price, 193 Conn. 414, 424
(1984); Kulis v. Moll, 172 Conn. 104, 110 (1976).
The party claiming the benefit of an exemption has the burden of proving that he comes within the limited class for whose benefit it was established. Aaron v. Conservation Commission,183 Conn. 532, 549 (1981).
Here, the commission was fully justified in determining that the removal of 75 cubic yards of soil and the installation of a 36 inch culvert under the proposed driveway, involved "significant" or "substantial" amounts of material.
Furthermore, the exemption in § 22a-40a (4) applies only to uses and maintenances of structures already in existence on residential property. Aaron v. Conservation Commission, supra, 549.
The plaintiffs have not proven that they are entitled to an exemption under circumstances where the premises are already served by an existing driveway.
A similar result was achieved in Aaron, where the court found that the "enjoyment" of property on which no residence existed, CT Page 2353 did not require the location of a septic system. Aaron v.Conservation Commission, supra, 549.
 THE COMMISSION'S REASONS ARE SUPPORTED BY THE RECORD
The plaintiffs claim that the commission's decision is not supported by the record, and that the commission failed to property apply its regulations.
This argument cannot avail them.
Section 22a-42a (d) requires that an inland wetlands agency consider the criteria set forth in § 22a-41 of the General Statutes in granting, denying, or limiting any permit.
Those criteria, similar to those contained in § 220-11 (B) of the Brookfield Regulations, includes the environmental impact on the wetlands or watercourse, and any feasible and prudent alternatives to the proposed activity which would cause less impact to the wetlands.
Here, an alternative is in place in the form of the existing common driveway.
Thus, as the defendant commission indicated in its reasons, no "hardship" from a wetlands standpoint exists.
Although "hardship," as that term is used in the context of a zoning variance, is not a basis for a wetlands agency granting or denying a permit to conduct a regulated activity, the commission is mandated to consider alternatives to the proposal before it.
At the February 22, 1999 meeting, it was the plaintiffs who advanced personal factors as a reason for granting the permit (ROR E), including a 500 foot walk along a common driveway.
Any permit issued by a wetlands agency is not a personal permit. The process is concerned with the property not the applicant.
A permit is issued or denied based upon conditions relating to the land, such as topography, soil type, and the nature, extent and effect of the proposed activity on the land. Fromer v.Two Hundred Post Associates, 32 Conn. App. 799, 802 (1993). CT Page 2354
The commission properly applied its regulations to the facts before it.
Furthermore, there is no requirement for the commission to determine whether an activity is "significant" before acting upon an application.
The term "significant activity" is relevant only in determining whether a public hearing should be held. (ROR K, p. 20; § 220-10.)
The creation of a proposed "new" wetland as part of the plaintiffs' application, was a proper consideration for the commission, as was the likely impact of any mitigation attempts.
Because the reasons stated by the commission finds ample support in the record, the appeal is dismissed.
Radcliffe, J.